SPADRA CREEK COAL COMPANY *v.* CALLAHAN.

Opinion delivered June 18, 1917.

APPEAL AND ERROR—MOTION FOR NEW TRIAL—DUTY OF TRIAL JUDGE—
INSUFFICIENT PROOF.—Verdicts will not be disturbed on appeal, if
supported by any substantial legal evidence; the question whether
a verdict is clearly contrary to the preponderance of the evidence
is for the trial court; and it is the duty of the trial court to set aside
a verdict when it is contrary to the weight of the evidence.

Appeal from Johnson Circuit Court; *A. B. Priddy,*
Judge; reversed.

*W. E. Atkinson,* for appellant.

1. Plaintiff did not prove his case. The evidence
does not sustain the verdict and the court so stated, but
overruled the motion for a new trial on the ground that
the questions had been submitted to a jury and that he
was not disposed to interfere with the verdict. The ver-
dict when it found and stated that plaintiff did not prove

2. It was the duty of the court to set aside the ver-
dict when it found and stated that plaintiff did not prove
liability, and that the evidence did not justify the amount
of damages. *Twist* v. *Mullinix,* 126 Ark. 427, 190 S.
W. 851.

*Patterson & McKennon,* for appellee.

1. The evidence sustains the verdict. This court
can not look to the opinion of the lower court in deter-
mining a question before it for review. 3 Cyc. 181; 6
Ark. 431; 10 *Id.* 442; 86 *Id.* 74; 13 *Id.* 337; 26 *Id.* 654.

2. A verdict on conflicting evidence will not be dis-
turbed. 86 Ark. 600. Not even if this court is of the
opinion that it is against the preponderance of the evi-
dence. 19 Ark. 117; 23 *Id.* 50; 67 *Id.* 399; 73 *Id.* 377; 75
*Id.* 111; 76 *Id.* 115; 89 *Id.* 321; 87 *Id.* 136; 86 *Id.* 145; 84
*Id.* 74.

HUMPHREYS, J. Appellee instituted suit in the
Johnson Circuit Court against appellant to recover dam-
ages for an injury received on the 7th day of June, 1916,

while working in the coal mine of appellant, through the alleged negligence of appellant in failing to provide a safe place to work, or to inspect the working place, or to advise and warn appellee of the dangers incident to the performance of the labors he was directed to do.

Answer was filed, denying all the material allegations of the complaint and pleading, as an additional defense, contributory negligence.

The cause was heard upon the pleadings, evidence and instructions of the court, upon which a verdict was returned by the jury for $750 in favor of appellee.

The motion for new trial was filed, and when presented the trial court said:

"My opinion is that the plaintiff did not prove the liability of the defendant by a preponderance of the evidence; nor do I think the evidence justified the amount of damages returned. But these questions were submitted to the jury, and I do not feel disposed to interfere with the verdict, and I therefore overrule the motion."

To this ruling of the court the appellant at the time excepted, and asked that his exceptions be noted of record, which was done.

Judgment was entered in accordance with the verdict. Proper steps were had and done preparatory to appeal, and an appeal has been prosecuted to this court.

The appeal questions the sufficiency of the evidence to support the verdict, and the authority of the court to overrule the motion for new trial in the face of its declaration to the effect that appellee did not prove the liability of appellant by a preponderance of the evidence, and that the amount of the damage fixed by the verdict was excessive.

This court is committed to the doctrine that verdicts will not be disturbed on appeal to this court, if supported by any substantial legal evidence; that the question of whether verdicts are clearly contrary to the preponderance of the evidence is one for the trial court.

and that it is the bounden duty of the trial court to set aside verdicts when contrary to the weight of the evidence.

This case is ruled by the case of *Twist* v. *Mullinix,* 126 Ark. 427, 190 S. W. 851.

For the error indicated, the judgment is reversed.