SPADRA CREEK COAL COMPANY v. HARGER.

Opinion delivered October 1, 1917.

1. APPEAL AND ERROR—WEIGHT OF EVIDENCE—FINDING OF TRIAL COURT —DUTY TO GRANT NEW TRIAL.—Where the trial court finds that the verdict of the jury is against the preponderance of the evidence it is its duty to grant a new trial.

2. APPEAL AND ERROR—PREPONDERANCE OF THE EVIDENCE—FINDING OF TRIAL COURT—NEW TRIAL.—In an action for personal injury the trial court in overruling the motion for a new trial recited the following language: "My opinion is that the plaintiff probably did not prove the liability of the defendant by a preponderance of the evidence; and I think the evidence probably does not justify the amount of damages returned. But these questions were submitted to the jury and I do not feel disposed to interfere with the verdict." *Held*, after making such finding it is the duty of the trial court to grant the motion for a new trial.

Appeal from Johnson Circuit Court; *A. B. Priddy*, Judge; reversed.

*W. E. Atkinson,* for appellant.

1. The verdict is contrary to the evidence. 70 Ark. 386.

2. The opinion of the circuit judge entitled defendant to a new trial. 126 Ark. 427; 112 Tenn. 463; 85 *Id.* 387; 102 *Id.* 702; 113 Ga. 453.

3. The court erred in its instructions. Cooley on Torts, 70, 71 (1879 ed.); 66 Ark. 68; 3 Am. & E. Ann. Cases, 57.

4. Defendant was entitled to a new trial for newly discovered evidence.

5. The damages were excessive.

*Patterson & McKennon,* for appellee.

1. Arbaugh was negligent. This was a question of fact. So was Callahan negligent.

2. An appellate court can not look to the opinion of the lower court in determining a question for review as such opinions are no part of the record. 3 Cyc. 181; 6 Ark. 431; 10 *Id.* 442; 86 *Id.* 74; 13 *Id.* 337; 26 *Id.* 654.

3. The objections to the instructions are not tenable. The doctrine of intermediate cause does not arise where the injury is alleged to have been caused by the negligence of either one or both of two servants of the same master. The master is liable for the negligence of either or both. 112 Mo. 238.

4. The new testimony adds nothing and the damages are not excessive.

McCULLOCH, C. J. This is an action instituted by the plaintiff, Harger, against the Spadra Creek Coal Company to recover damages on account of personal injuries received by plaintiff while working for defendant in its coal mines in Johnson County, Arkansas. Plaintiff was employed as a driver, and alleges that while working in the mine he was injured as a result of the negligence of two other employees of the defendant company. The answer contained denials of the charge of negligence and the cause was tried before a jury upon the issues involved, and there was a verdict and judgment in favor of

plaintiff for the recovery of damages, and defendant has appealed.

Defendant's motion for new trial contained numerous assignments, among which was one that the verdict was against the preponderance of the evidence. The bill of exceptions recites a finding by the court in overruling the motion for new trial in the following language:

"My opinion is that the plaintiff probably did not prove the liability of the defendant by a preponderance of the evidence; and I think the evidence probably does not justify the amount of damages returned. But these questions were submitted to the jury and I do not feel disposed to interfere with the verdict."

It is contended by defendant's counsel that the above statement of the court constituted a finding that the verdict of the jury was against the preponderance of the evidence, and that it therefore became the duty of the court to sustain the motion and grant a new trial. We think that the contention of counsel is correct and that the court erred in refusing to grant a new trial upon its finding that the verdict was not supported by the preponderance of the evidence. The case is controlled by the decision of this court in the case of *Spadra Creek Coal Co.* v. *Callahan*, 196 S. W. 477, 129 Ark. 448. The language of the court in reciting its finding in each case is identical, except in the present case the word "probably" was inserted so as to recite that "the plaintiff probably did not prove the liability of the defendant by a preponderance of the evidence." The use of the word "probably" did not lessen the effect of the language used as constituting a finding that the verdict was against the preponderance of the evidence. The words used clearly indicate a belief or conclusion on the part of the court that the verdict was contrary to the preponderance of the evidence, and under those circumstances it was the duty of the court to grant a new trial. The word "probably" is defined as "likely as far as the evidence shows," and "having more evidence for than against," or "apparently true, yet possibly false." The difference in the precise language used,

therefore, does not put the case outside the operation of the rule announced by this court in the Callahan case, *supra.* The judgment is, therefore, reversed and the cause remanded with directions to grant a new trial.

HART, J., (dissenting).   Judge Wood and myself dissent from the opinion in this case because we think it is an unwarranted extension of the rule laid down in *Twist* v. *Mullinix,* 126 Ark. 427, and is contrary to the reasoning of that case.   In that case, the court said:

"When the trial court becomes convinced that the verdict is not sustained by a preponderance of the evidence, then it is his duty to set aside that verdict.   And if the trial court finds and announces that the verdict of the jury is against the preponderance of the evidence on a material issue of fact then he must set aside such verdict."

After discussing the questions at length the court concludes the discussion as follows:

"Therefore, we conclude that the finding of the court was positive that the verdict was against the weight of the evidence on the essential point mentioned, and that the court erred, after thus finding, in not setting aside the verdict.   For this error the judgment must be reversed and the cause remanded for a new trial."

Thus we see the decision in that case was based on the ground that the language used by the trial court amounted to an affirmative finding on its part that the verdict was against the weight of the evidence, and it was, therefore, the duty of the trial court to set aside the verdict.   The word "probable" as defined by the Century Dictionary means "having more evidence for than against, or evidence which inclines the mind to belief, but leaves some room for doubt; likely."   We think the language used by the circuit judge in the instant case falls short of being an affirmative finding that the verdict was against the weight of the evidence, and that, therefore, he did not err in refusing to set aside the verdict.