### WILHELM *v.* COLLISON.

### Opinion delivered March 18, 1918.

1. NEW TRIAL— TO BE GRANTED, WHEN.—A motion for a new trial should be granted when the court is convinced that the verdict is clearly against the preponderance of the evidence.

2. NEW TRIAL—WHEN GRANTED—REVERSED.—The action of the trial court in granting a new trial will not be reversed, in the absence of a showing that the court abused its discretion.

Appeal from White Circuit Court; *J. M. Jackson,* Judge; affirmed.

*John E. Miller,* for appellant.

The court erred in setting aside the judgment and granting a new trial. It was an abuse of discretion by the court. The rule of this court is well settled. 98 Ark. 334; 100 *Id.* 596.

*Brundidge & Neelly,* for appellee; *Cul L. Pearce,* of counsel.

There was a conflict in the evidence and this court will not disturb the finding of the court. 125 Ark. 488; 94 *Id.* 566; 98 *Id.* 304, 334; 120 *Id.* 99; 130 Ark. 374; 196 S. W. 477.

SMITH, J. Upon the trial of this cause in the court below a verdict was returned in favor of appellant Wilhelm, but a new trial was granted and this appeal has been prosecuted to review that action. Stipulation is filed by counsel that final judgment may be rendered against appellant in the event the judgment of the court granting a new trial is affirmed, and we therefore proceed to review that action on the part of the trial court. Wilhelm was the plaintiff in the court below and sued to recover the purchase price of a carload of lumber shipped from Bald Knob, Arkansas, to the John Deere Plow Company. Wilhelm claimed that a check for $219.00 issued in payment for the lumber was made payable to the order of himself and the defendant J. Collison, to enable Collison to retain the sum of $50.00 due him for loading and hauling the lumber, and that he, Wilhelm, endorsed the check in order that Collison might collect the sum due himself, but upon the further understanding that the difference should be paid Wilhelm, but that after cashing the check Collison retained the whole amount collected. Wilhelm so testified and the jury accepted his statement and returned a verdict accordingly in his favor.

We are not called upon to pass upon the legal sufficiency of this testimony to support a verdict based upon it, because the court below granted a new trial pursuant to the prayer of a motion therefor, which assigned as a ground therefor that the verdict of the jury was con-

trary to the preponderance of the evidence. We have many times said that the trial court should grant the motion for a new trial when convinced that the verdict of the jury was clearly against the preponderance of the evidence. *Mueller* v. *Coffman,* 132 Ark. 45, 200 S. W. 136; *Twist* v. *Mullinix,* 126 Ark. 427. And when the trial court reaches that conclusion and takes that action we have announced as a rule governing us in our review of that action that ''this court will not reverse a decision of the trial court granting a new trial on the weight of the evidence unless it appears that there has been an abuse of the discretion in setting aside the verdict which is sustained by the clear preponderance of the evidence.'' *McIlroy* v. *Arkansas Valley Trust Co.,* 100 Ark. 599. And in the case of *McDonnell* v. *St. L. S. W. Ry. Co.,* 98 Ark. 336, the rule was stated as follows: ''This court will not reverse the ruling of the lower court in setting aside a verdict where there is substantial conflict in the evidence upon which the verdict was rendered, but will leave the trial court to determine the question of preponderance. *Taylor* v. *Grant Lumber Co.,* 94 Ark. 566; *Blackwood* v. *Eads,* 98 Ark. 304.'' See also *Clements* v. *Knight & Co.,* 125 Ark. 488, and cases there cited.

The evidence in the case was by no means undisputed and counsel for appellee insists that the verdict was in fact contrary to the preponderance of the evidence. The evidence was sharply conflicting and we do not review it to determine the question of preponderance further than to decide whether an abuse of discretion was shown in the action of the trial court on that subject. According to Collison the debt claimed by Wilhelm had been extinguished by the redelivery to Wilhelm of a small sawmill outfit and there was testimony corroborating Collison's statement in this regard. No abuse of discretion is shown and the judgment is affirmed.