## CHILDS v. NEAL.

Opinion delivered May 5, 1919.

1. TRIAL—ARGUMENTS OF COUNSEL—APPEAL·TO PREJUDICE.—In an action for breach of a contract where the evidence was conflicting, plaintiff's attorney during his argument to the jury stated that defendant, a banker within the draft age, while evading the military service of his country, was trying to cheat the plaintiff, who was offering his life in his country's cause, and inquired as to which of the two the jury would believe. *Held* highly improper.

2. TRIAL — REMARKS OF COUNSEL — ACTION OF COURT. — The court should have more emphatically condemned the above statement than by merely stating that the argument was improper.

3. TRIAL — IMPROPER ARGUMENT — OBJECTION.—Where no objection was made by defendant's counsel to improper argument of plaintiff's counsel, and no exception was saved thereto, the matter will not be considered upon appeal.

Appeal from Clark Circuit Court; *Geo. R. Haynie,* Judge; affirmed.

*W. E. Haynie* and *McMillan & McMillan,* for appellant.

1. The verdict is excessive, as the testimony does not support a recovery for the amount found by the jury. This is not a case where a *remittitur* will cure the error, as it cannot be said that appellee's right to recover is free from doubt. 65 Ark. 619-629.

2. The remarks of counsel were highly improper and of such a character that no rebuke could destroy their sinister influence. 74 Ark. 256; 72 *Id.* 427; 61 *Id.* 130; 75 *Id.* 578; 65 *Id.* 619; 61 *Id.* 137; 71 *Id.* 415.

McCULLOCH, C. J. Appellee recovered judgment against appellant in the trial below for compensatory damages for an alleged breach of a contract between the two parties whereby appellee was to paint a house for appellant. The recovery was for the sum of $100. Two grounds for reversal are argued. One, that the evidence is not sufficient to sustain the verdict of the jury; and the other that appellee's counsel was guilty of prejudi-

cial misconduct in the closing argument to the jury. These grounds will be discussed in the order named.

Appellant was building a residence in the town of Gurdon and contracted with one Barringer for the construction of the house, including the painting, canvassing and papering, for which Barringer sub-contracted with appellee for the price of $425. This included both labor and material. Appellee started the paint work under his contract with Barringer and did a little of the priming before Barringer quit the contract. Appellant then requested appellee to complete the job of painting, convassing and papering, and agreed to pay appellee for that work at the price mentioned in the contract with Barringer. This much is undisputed. Appellee proceeded with the work pursuant to his contract with appellant, and after doing a small portion of the work, and receiving $20 payment on the contract, appellant discharged him and refused to permit him to complete the job.

The only issues of fact in the case were as to which party broke the contract and what damage, if any, accrued from such breach. Appellant contended that appellee failed to do the work expeditiously so as to keep up with the carpenters, and that he discharged appellee on that account; but, on the contrary, appellee contends that he was doing his work expeditiously and that the carpenters on the job hindered him from doing the painting, and that appellant discharged him without fault on his part. That issue has been settled by the verdict of the jury upon legally sufficient evidence. But it is argued that the evidence is not sufficient to warrant the recovery of the amount of damages allowed by the jury. This depends upon the weight of appellee's own testimony. He stated in his testimony that the material would have cost $225, and that if he had been permitted to continue the work and complete the job he would have earned $200. On cross-examination he admitted that he had other jobs of work at the same time which he was carrying along and employed other workmen to assist him.

It is argued by counsel for appellant that if appellee had employed men to do the work at the customary prices he would not have made any profit on the job, and also they argued that appellee was, according to the testimony, engaged in jobs of painting for other people. It is true appellee testified that he had other work on hand, but he also stated that he could and would have earned $200 if he had been permitted to go on with this job. The jury might have found from his testimony that he could and would have done this work himself without interference with his other jobs, but the jury modified his claim by allowing him only half of the amount he testified he would have earned. We cannot say that the evidence, putting it in its strongest light, is insufficient to sustain the recovery of $100.

The record recites that one of the attorneys for appellee in his closing argument to the jury made the statement that "defendant, a banker, within the draft age, who, while evading the military service of his country, was trying to cheat the plaintiff, who was offering his life in his country's cause," and asked the jury which of the two they would believe. The record further recites that at the time the above remarks were made "counsel for defendant arose to object, but before he could make objection the court stated to counsel that the argument and statement was improper." This is all that the record recites on the subject. No request was made by counsel and no exception was saved. However, the remarks were incorporated as grounds for new trial in the motion subsequently filed. The remarks of counsel were highly improper, and should have been more emphatically condemned, if the brief statement in the record correctly reflects the substance of the court's admonition, but the objections now made to the remarks as grounds for reversal are not available in the present state of the record.

Judgment affirmed.