PETTIT *v*. ANDERSON.

Opinion delivered February 21, 1921.

NEW TRIAL—VERDICT AGAINST PREPONDERANCE OF EVIDENCE.—Where, in overruling a motion for a new trial, the trial judge announced that he would not disturb the verdict though it was against the weight of the evidence, the cause will be reversed and remanded for a new trial.

Appeal from Randolph Circuit Court; *J. B. Baker,* Judge; reversed.

*Pope & Bowers,* for appellants.

1. The court erred in refusing to give appellants' instructions. 89 Ark. 24; 97 *Id.* 438; 110 *Id.* 571; 171 S. W. 869. The evidence clearly established adverse possession in appellants.

2. The statements of the trial judge show that the verdict was contrary to the evidence and that a new trial should have been granted. 126 Ark. 427; 129 *Id.* 448; 130 *Id.* 374; 132 *Id.* 45.

McCULLOCH, C. J. Appellee was the plaintiff below, and instituted this action against appellants to recover possession of a small tract of land in Randolph County. Appellee pleaded adverse possession for the statutory period of seven years, and that presented the sole issue for the trial before a jury, which resulted in a verdict in favor of appellee. There was a conflict in the testimony, but there was testimony on each side of the case legally sufficient to warrant a submission of the issue to the jury.

One of the grounds for the motion for new trial was that the verdict was not supported by sufficient evidence, and it therefore became the duty of the court to set aside the verdict if he concluded that the verdict was against the preponderance of the testimony. In passing on the

motion for a new trial, the trial judge made the following announcement: "I will state to you frankly, gentlemen; that I do not understand how the jury arrived at their verdict in this case. It seemed to me that the evidence in the case clearly showed adverse user of the tract of land in controversy for the statutory period of time before the filing of the complaint. But I have a very great respect for the finding of a jury on a question of fact, and am not disposed to overturn the verdict of the jury. I will not disturb the verdict of the jury, and the motion is overruled."

The language thus used necessarily constituted a finding by the court that the verdict of the jury on the issue of adverse possession was against the preponderance of the evidence. If the testimony "clearly showed adverse user of the tract of land in controversy for the statutory period," as stated by the court, then the verdict was necessarily against the preponderance of the evidence, and a new trial should have been granted. *Twist v. Mullinix,* 126 Ark. 427; *Spadra Creek Coal Co.* v. *Callahan,* 129 Ark. 448; *Spadra Creek Coal Co.* v. *Barger,* 130 Ark. 374; *Mueller* v. *Coffman,* 132 Ark. 45.

There are other assignments of error, which we deem it unnecessary to consider, in view of the fact that the failure of the court to grant a new trial necessarily results in a reversal of the judgment.

The judgment is therefore reversed and the cause remanded for a new trial.