MITCHELL *v.* CONWAY COTTON OIL GIN COMPANY.

Opinion delivered May 22, 1922.

1. APPEAL AND ERROR.—Where there is a decided conflict in the evidence, the Supreme Court will not disturb the trial court's ruling in sustaining a motion for new trial.

2. APPEAL AND ERROR—ORDER GRANTING NEW TRIAL—AFFIRMANCE.— Where the evidence was conflicting, and the jury returned a verdict for defendant, but the trial court granted a new trial, from which order defendant appealed, on affirming the order appealed from an absolute judgment for plaintiff will be entered, under Crawford & Moses' Dig., § 2179.

Appeal from Faulkner Circuit Court; *George W. Clark,* Judge; affirmed.

*Edward Gordon,* for appellant.

The court erred in setting aside the judgment and granting a new trial. 6 Ark. 86; 6 Ark. 428; 2 Ark. 360; 10 Ark. 138; 5 Ark. 407; 26 Ark. 609; 39 Ark. 461.

*J. C. & Wm. J. Clark,* for appellee.

The action of a trial court in granting a new trial is not reviewable, where the evidence is conflicting. 120 Ark. 99; 179 S. W. 175. Neither is it invading the province of the jury to set the verdict aside, where there is conflict in the evidence. 98 Ark. 334; 135 S. W. 925; 100 Ark. 596; 141 S. W. 196.

The trial judge has control of the verdict of the jury after and during the term it is rendered. 94 Ark. 566; 127 S. W. 962.

Trial courts have a large discretion in the matter of granting new trials, especially upon the weight of the evidence. 139 Mo. 557; 41 S. W. 215; 98 Ark. 304; 135 S. W. 922.

WOOD, J. The appellee instituted this action against the appellant upon a promissory note for $159.50 and on an account in the sum of $649.69. The appellant in his answer denied that he was indebted to the appellee, and he set up by way of cross-complaint that the appellee was indebted to him in the sum of $1,812.15 on an account growing out of a contract between appellee and appellant, and that appellee was also indebted to the appellant in the sum of $400 damages for an alleged breach of contract. The appellee and the appellant filed their respective accounts and made them exhibits to their pleadings. The original note was identified by a witness, the manager of the appellee, at the time the same was executed, and introduced in evidence.

The answer of the appellant admitted the execution of the note, and admitted that he was a member of the firm of Mitchell & Sons, but denied that the note was his individual obligation. A contract was introduced in evidence which showed that the appellant had been appointed agent for the appellee for the years 1919 and 1920 to buy cotton seed. The appellant was to receive a commission of $3 per car f. o. b. Menifee. The contract further provided that the appellant should keep an accurate record of the seed purchased by him for the ap-

pellee. The note and account on which the appellee grounded its alleged cause of action and the account on which appellant based his cross-action grew out of the transactions covered by the above contract. A comparison of the items of the accounts between the respective parties shows that, aside from the note, there were eight items in dispute, as follows:

| | |
|---|---|
| Oct.  6, 1919, 300 yds. bagging, F. & S...................$ 73.50 | |
| Nov. 20, 1919, 300 yds. bagging, F. & S...................  73.50 | |
| Oct. 2, 1919, Cash advanced to buy seed................. 200.00 | |
| Oct. 3, 1919,   "      "      "    "    "   .............. 300.00 | |
| Oct. 24, 1919,  "      "      "    "    "   .............. 250.00 | |
| Nov. 6, 1919,   "      "      "    "    "   .............. 300.00 | |
| Nov. 8, 1919,   "      "      "    "    "   .............. 200.00 | |
| Nov. 12, 1919,  "      "      "    "    "   .............. 200.00 | |

On the first two items the appellant contended that he was entitled to a reduction of $12, which the appellee conceded. On the next two items the appellee introduced a receipt signed by the appellant, and the appellant thereupon admitted that he had received the items of $200 and $300 in cash charged to the appellant as of October 2d and 3d, respectively. That left in controversy the remaining four items. Concerning these, P. F. Cleaver, manager of the Cotton Oil & Gin Co., testified that these items of cash were furnished to the appellant by the Bank of Conway upon telephone orders from the appellee. Witness stated that, on account of the location of the seed business at Menifee, Mitchell would come to Conway on the southbound train. He would go to the Bank of Conway, and from there telephone that he wanted more money to buy seed, and that he wished to return on the next train. There were only five or ten minutes between the trains that he came and returned on. Appellee, upon receiving appellant's telephone message, would order the bank to pay the money to appellant and charge the same to appellee's account, and later in the day the appellee would send to the bank a check to cover the amount advanced. The business was handled in this way

to enable the appellant to catch the returning train to his place of business without loss of time.

The two items of cash, which appellant admits, were handled in the same way as the remaining four items of cash which he disputed. The vice-president of the bank also testified that the four remaining items in controversy were paid to Mitchell by the Bank of Conway; that Mitchell did not have time to get checks from the appellee, and that payments were made on telephone orders from the appellee in order that Mitchell might catch his train back to Menifee, and that later in the day the appellee would send down checks to cover the payments advanced.

The appellant in his testimony denied that he had received these items of cash. The above shows the respective contentions of the parties as to the debit items of the account upon which appellee bases its action. The appellant testified, among other things, that he never received credit for a certain car of seed which he purchased for the appellee amounting to the sum of $1,176. He stated that this car was shipped to appellee about the 19th of October. He further testified that the appellee gave him no written notice of its intention to terminate the contract, and that he was damaged by reason of their breach of the contract, in the sum of $400. He further stated that he was entitled to an allowance of one per cent. on one hundred and thirty tons of seed for shrinkage; that the car of seed for which he had not received credit, his commission, and the shrinkage, and damages for breach of contract aggregated the sum of $2,212.15, due him by the appellee.

Witnesses for the appellee in their testimony denied that the appellee had received any car of seed purchased for the appellee by the appellant for which the appellant had not received credit.

The issues were sent to the jury upon substantially the above testimony tending to support the respective contentions of the parties. The jury returned a verdict in

favor of the appellant. Upon motion of the appellee the court granted a new trial, and appellant appealed from this order.

We have set forth the issues and substance of the testimony tending to support the respective contentions of the parties. The testimony shows that there was a substantial conflict in the evidence on the issues of fact submitted to the jury. We have often held that "where there is decided conflict in the evidence this court will leave the question of determining the preponderance with the trial court and will not disturb its rulings in either sustaining a motion for new trial or overruling same." *Blackwood* v. *Eades,* 98 Ark. 304-311; and in addition to the cases there cited, see also *McDonnell* v. *St. Louis Southwestern Ry. Co.,* 98 Ark. 334-336; *McIlroy* v. *Arkansas Valley Trust Co.,* 100 Ark. 596-599; *Johnson* v. *Mantooth,* 120 Ark. 99; *Spadra Creek Coal Co.* v. *Callahan,* 129 Ark. 448; *Spadra Creek Coal Co.* v. *Harger,* 130 Ark. 374; *Mueller* v. *Coffman,* 132 Ark. 45; *Wilhelm* v. *Collison,* 133 Ark. 166.

It is likewise the well established doctrine in this State that this court will not reverse the ruling of the trial court in refusing to set aside the verdict and overruling the motion for new trial, where there is any evidence legally sufficient to sustain the verdict; or, as is often stated, where there is substantial testimony to sustain the verdict. See *Drennen* v. *Brown,* 10 Ark. 138, and other cases cited in the brief of counsel for the appellant. In addition thereto, see *Hill* v. *Jayne,* 18 Ark. 396; *Harris* v. *Bush,* 129 Ark. 369; *Childs* v. *Neal,* 138 Ark. 578, and other cases cited in Cumulative Supplement to Crawford's Arkansas Digest. Appeal and Error, § 369, subdiv. 5.

There is no conflict in the decisions of this court declaring the rules of practice governing trial courts in granting and refusing to grant motions for new trial on the ground that the verdict is contrary to the evidence. There was a decided conflict in the testimony on the issues

involved in this cause, and the circuit court therefore did not abuse its discretion in concluding that the verdict was against the preponderance of the evidence. Under the evidence adduced it was strictly within the province of the court to determine whether the verdict was sustained by a preponderance of the evidence. The ruling of the trial court was correct, and under § 2179, C. & M. Digest, a judgment absolute will therefore be entered here against the appellant in favor of the appellee. It is so ordered.