MANTLE LAMP COMPANY v. READ.

Opinion delivered October 15, 1923.

1. CONTRACTS—DUTY OF COURT TO CONSTRUE WRITING.—Where a contract of sale is evidenced by writings, it is the duty of the court to construe the writings and to declare the terms of the contract to the jury.

2. NEW TRIAL—DUTY TO GRANT.—The trial court, in overruling plaintiff's motion for new trial, announced that it was the

opinion of the court that there was no question of fact to submit to the jury, and that the plaintiff was entitled to a verdict. *Held* error in refusing a new trial.

Appeal from Pike Circuit Court; *C. E. Johnson,* special judge; reversed.

*W. T. Kidd,* for appellant.

The court erred in refusing to give instruction No. 4, to the effect that if it was the intention of the parties that the title to the lamps was to pass for an agreed price, then it would be a sale. As construing what a sale is, see 172 Fed. 940; 68 Ark. 196; 90 Ark. 131; 134 Fed. 804; 95 S. W. 696. It was error to give defendant's instruction No 1 submitting to the jury the question of whether Read was the agent of appellant. The transaction was based upon letters and a signed contract, and the court should have construed the contract. 132 Ark. 197; 89 Ark. 239; 97 Ark. 613; 11 Ark. 380; 95 Ark. 421; 77 Ark. 261. For the same reason instructions Nos. 3 and 5 were erroneous. The trial court, in passing on the motion for new trial, stated that there was no question of fact to submit to the jury, and that plaintiff was entitled to a verdict. Having so found, it was his duty to set aside the verdict. 130 Ark. 374; 129 Ark. 448; 132 Ark. 45; 133 Ark. 166; 144 Ark. 227; 130 Ark. 387; 147 Ark. 468.

*Featherstone & Featherstone* and *Pinnix & Pinnix,* for appellees.

The disputed question at issue, which was whether the relation of principal and agent existed, was one of fact and was properly submitted to the jury. 104 Ark. 267; 80 Ark. 368; 101 Ark. 376; 105 Ark. 213; 98 Ark. 334; 96 Ark. 379; 63 Ark. 94; 117 Ark. 665; 97 Ark. 438; 70 Conn. 76; 134 Ia. 12; 18 Pa. St. 283; 21 R. C. L. 820. Judges cannot charge juries with regard to matters of fact, but shall declare the law. Const. art. 7, § 23; 107 Ark. 158. It is error to direct a verdict where there is a substantial conflict in the testimony. 38 Cyc. 1540; 96 Ark. 368; 39 Ark. 491; 37 Ark. 164;

*Id.* 230; *Id.* 580; 35 Ark. 146; 36 Ark. 451; 120 Ark. 206; 115 Ark. 166; 23 Ark. 115; 99 Ark. 490; 85 Ark. 390.

McCULLOCH, C. J. This action was instituted by the Mantle Lamp Company, a corporation of Illinois (hereafter called appellant), against G. M. Read and O. A. Featherstone. The appellant alleged that it sold to Read certain lamps for the price of $158.25, for which Read had not paid; that Featherstone guaranteed Read's account with the appellant in the sum of $150, by letter of credit, which reads as follows:

"In consideration of your selling goods on a credit to G. M. Read, Murfreesboro, Arkansas, I hereby guarantee his account with you, and agree to pay you on demand for any and all purchases so made and which are not paid for by him in accordance with your terms. This guaranty to cover any and all shipments made after above date, but my liability is not to exceed one hundred fifty dollars."

The appellant prayed judgment against Read and Featherstone for the amount of the account.

Read, in his answer, denied that he purchased any lamps from the appellant, and set up that the lamps which he received from the appellant were received by him as appellant's agent; that appellant had appointed him its agent to canvass certain territory for the sale of lamps in Pike County, Arkansas, and that the lamps in controversy were shipped by appellant to him and received by him as appellant's agent, for sale by him in the territory assigned to him by the appellant; that, after canvassing the territory as the agent of appellant, he was unable to sell the lamps, and promptly notified the appellant of that fact, and returned the lamps to appellant. He denied therefore that he was indebted to the appellant in any sum.

Featherstone adopted the answer of Read.

The testimony for appellant tended to prove that Read ordered the lamps on an order blank as follows:

"The Mantle Lamp Company of America, Chicago, Ill.
"Order Blank.

"No Goods Shipped On Consignment.

"Order No. 313443.   Entered, checked and billed 1-21-21, date 1-8-21.   Name, G. M. Read, Murfreesboro, Pike County, Arkansas.   Ship by American Express.

"Credit:   Credit orders will be filled only for those who send us a 'letter credit' properly filled out, or who are satisfactorily rated merchants.

| How Many | Style No. | | | | Extended Price each | Full Amount |
|---|---|---|---|---|---|---|
| 5 | 900 | Aladdin Table Lamps | | | $8.25 | 41.25 |
| 12 | 901 | " | " | " | 9.75 | 117.00 |
| 8 | 900 | Extra free lamps | | | | |

Total amount  $158.25
"G. M. Read.

"Approved as to credit, T. G. Barker."

This order and the letter of credit set out above appellant introduced in evidence, and witnesses for the appellant testified that the amount of the account was due and unpaid; that Read was not the agent of the appellant, but purchased the goods outright on an out-and-out sale and on credit extended to him by virtue of the letter of credit; that the appellant had no agent, but sold its lamps to Read and appointed him distributor and assigned him certain territory in which he could sell the lamps.   Such was the effect of the testimony of appellant's sales manager and its mailing clerk.   The testimony of appellant's shipping clerk was to the effect that he packed and shipped the lamps by express, as per order, to Read at Murfreesboro, Pike County, Arkansas, on the 11th day of January, 1921, and that the appellant did not have any control over the lamps after the same were delivered to the common carrier.

There was testimony to the effect that the lamps were worth the sum of $158.25, and that the account for same had not been paid by the appellees.

On cross-examination of appellant's filing and mailing clerk and of its sales manager, various letters and documents showing the correspondence between the appellant and Read were identified, numbered, and brought into the record, which it would unnecessarily incumber the record to set out in detail. Reference will be made to them as we proceed.

Featherstone was called by the appellant as a witness, and admitted that he wrote the letter of credit which was introduced in evidence, and that he received notice from the appellant that it had accepted same, and that appellant had also notified him that Read had refused the payment of the account on which this action is based.

Read testified that on December 7, 1920, he received a certain letter from the appellant, which, with various other documents, over the objection of appellant, he was permitted to introduce. This letter of December 7, 1920, and the various other letters and documents introduced by Read are voluminous, and, in the conclusion of the majority of the court, it becomes unnecessary to set them out in detail. Reference will also be made to these as we proceed.

Read testified to the effect that he ordered the lamps in controversy because of the correspondence that he had with the appellant. He ordered the first lamp as a test lamp, and then he ordered the other lamps. They were shipped to him, and he was unable to sell a single lamp. He studied the literature sent him by the appellant and undertook to comply with it, and went about trying to sell the lamps, and, finding that he could not do so, he returned them to the appellant, and it declined to take them back. He did not ship the lamps back because he was dissatisfied with them, but because he could find no sale for them. He sent them back on his own motion and without any request from the appellant.

The appellant asked the court to instruct the jury to return a verdict in its favor, which instruction the

court refused.   The court instructed the jury, at the instance of the appellant, that, if the preponderance of the evidence showed that Read placed his order with the appellant for the purchase of the lamps, and that appellant filled said order and shipped the lamps to Read, their verdict should be for the appellant.   The court also instructed the jury, at the instance of the appellant, that, notwithstanding they might find from the evidence that Read was the agent of appellant, yet, if they further found that Read purchased the lamps at a stipulated price and agreed to pay for the lamps, their verdict should be for the appellant.

At the instance of the appellees the court, in effect, instructed the jury that the issue as to whether the relation of principal and agent existed between Read and the appellant was an issue of fact for them to determine from all the evidence in the case; that, if the relation of principal and agent existed between them, as shown by all the facts in evidence, the jury should find such to be the fact, whether the parties so designated it or not; that if they believed from the evidence that Read was a sales agent and not a purchaser of the appellant, then their verdict should be for Read.   In other words, the court, by its instructions, submitted the issue to the jury to determine as a question of fact whether the relation between appellant and Read concerning the lamps in controversy was that of principal and agent or vendor and purchaser, and if the jury found that the relation was that of vendor and purchaser, they should find for the appellant: but if that of principal and agent, they should find for the appellees.

The verdict and judgment were for the appellees, and the case is here on appeal.

After a consideration of all the testimony in the record, a majority of the court has reached the conclusion that the court should have declared as a matter of law that the relation between the appellant and Read was that of vendor and purchaser, and not that of prin-

cipal and agent; that, when all the writings which were introduced in evidence are considered as evidencing the contract between the parties, they constitute the relation of vendor and purchaser between the appellant and Read. It was the duty of the court to so construe these writings and to declare the terms of the contract to the jury. *McDonough* v. *Williams,* 77 Ark. 261; *Mann* v. *Urquhart,* 89 Ark. 239; *Emerson* v. *Stevens Gro. Co.,* 95 Ark. 421; *Porter* v. *Gossell,* 112 Ark. 380. The letter of proposal written by appellant's manager, upon which the order of Read for the goods was based, clearly states that Read was to become the purchaser of the goods, and this created the relation of vendor and purchaser.

The trial court, in overruling the motion for a new trial, announced that it "was the opinion of the court that there was no question of fact to submit to the jury, and that the plaintiff was entitled to a verdict." The court, notwithstanding this finding, overruled appellant's motion for a new trial, to which ruling the appellant duly excepted. Under the above finding of the court it was its duty to grant the appellant a new trial. *Pettit* v. *Anderson,* 147 Ark. 468, and cases there cited.

For the errors indicated the judgment is reversed, and, as the cause appears to have been fully developed, judgment will be entered here against appellee Read for the full amount of the debt and against appellee Featherstone to the extent of $150 of the above amount.

WOOD and HUMPHREYS, JJ., dissent on the ground that the correspondence brings the case within the doctrine of *Clark* v. *J. R. Watkins Medical Co.,* 115 Ark. 166, and that it was an issue for the jury to determine whether or not the relation between appellant and Read was that of principal and agent or that of vendor and purchaser; that this issue was properly submitted, and the judgment is correct and should be affirmed.