BEAN v. COFFEE.

Opinion delivered December 7, 1925.

1. MUNICIPAL CORPORATIONS.—The law of the road does not apply to private property.

2. MUNICIPAL CORPORATIONS—NEGLIGENCE—INSTRUCTION.—In an action for personal injuries, an instruction that, if plaintiff was on private property at the time he received the alleged injury, he should not be found guilty of negligence in stopping his team on the left side of a private alley was properly denied, the question of negligence in such case being for the jury.

3. NEW TRIAL—PREPONDERANCE OF EVIDENCE.—Where the trial court found that the verdict of the jury was contrary to the preponderance of the evidence, it is reversible error for him thereafter to refuse to set the verdict aside.

Appeal from Johnson Circuit Court; *J. T. Bullock,* Judge; reversed.

*Hugh Basham* and *G. O. Patterson,* for appellant.

*Jesse Reynolds,* for appellee.

SMITH, J. Appellant, who was the plaintiff below, brought suit to recover compensation for a personal injury which he sustained by reason of the alleged negligence of appellee, the defendant below, in driving his automobile within a few feet of appellant's team, hitched to a hack, under which appellant was at the time engaged in making some repair. The hack and team were standing at the time on the left side of a private alley back of a store in the city of Clarksville, and it was insisted that this was negligence on the part of the plaintiff which contributed to his injury. Dealing with this question, the plaintiff asked, but the court refused to give,

an instruction numbered 4 reading as follows: "You are instructed that the law of the road requiring the driver of a vehicle along the public highway to turn to the right on meeting another vehicle upon said highway applies only to drivers upon the highway, and would not apply to private property at or near the highway. If you find from the evidence in this case that the plaintiff, at the time of his alleged injury, was not on the highway but was on private property, but had stopped his team on private property, even though he was on the left of the highway, he would not be guilty of negligence in so doing."

It is insisted that the refusal to give this instruction was error, and that it announces the controlling legal principle in the case.

This instruction contains two sentences, the first of which correctly states the law to be that the law of the road does not apply to private property. But we think it was not error to refuse this instruction, for the reason that the last sentence in the instruction makes an incorrect application of the correct statement of the law contained in the first sentence. This is true because the instruction, read as a whole, told the jury, as a matter of law, that it was not negligence for plaintiff to stop his hack on the left side of the alley. Under the circumstances of the case this question of negligence should have been submitted to the jury. In other words, although the statute (§ 7433, C. & M. Digest) did not apply and define the respective rights and duties of the parties, it was still a question of fact for the jury, and not one of law for the court, whether it was negligence for plaintiff to stop his hack on the left side of the alley. The alley did not belong to either the plaintiff or the defendant, but was privately owned, although there appears to have been a permissive use of it to some extent by the public.

In overruling the motion for a new trial, the court said: "I am of the opinion that the verdict of the jury is contrary to the weight of the evidence, and I feel

like plaintiff should have a verdict, but a jury has passed on the matter, and I am not going to disturb their verdict.'' In view of this finding by the court a new trial should have been granted. The duty of the trial court, when it is believed and found that the verdict returned is contrary to the preponderance of the evidence, was thoroughly considered by us in the case of *Twist* v. *Mullinix,* 126 Ark. 427, and we need not repeat here what we there said. A syllabus in that case reads as follows: ''Where the trial court finds positively and unequivocally that the verdict of the jury is against the preponderance of the evidence, it is reversible error for him thereafter to fail to set aside the verdict.'' See also *Spadra Creek Coal Co.* v. *Callahan,* 129 Ark. 448; *Spadra Creek Coal Co.* v. *Harger,* 130 Ark. 374; *Mueller* v. *Coffman,* 132 Ark. 45; *Wilhelm* v. *Collison,* 133 Ark. 166; *Pettit* v. *Anderson,* 147 Ark. 468.

For the error in refusing to grant a new trial in view of the court's finding as to the weight of the evidence, the judgment will be reversed, and the case remanded for a new trial.