C. I. STAFFORD & SONS *v.* SIMON.

4-5532                                     129 S. W. 2d 942

Opinion delivered June 19, 1939.

*Rowell, Rowell & Dickey,* for appellant.

*Reinberger & Reinberger* and *E. D. Dupree, Jr.,* for appellee.

HUMPHREYS, J. Appellee brought suit in the circuit court of Jefferson county against appellants for $1,388.20, the purchase price of a carload of cattle, which he alleged appellants purchased from him and in payment thereof issued their draft which they refused to pay after the cattle were delivered to and accepted by appellants. The draft was attached to the complaint as exhibit "A" and is as follows:

"Four States Commission Co.        OK
                                   _____
                                     TP
"Pine Bluff Stock Yards       A    No. 84
              Pine Bluff, Ark.,
"22 cattle                              12-6-1937

"At sight

"Pay to the order of Victor Simon................ $1,388.20

"Thirteen hundred eighty eight 20/100 Refused Dollars

"Four States

    Commission Co.

    Pine Bluff Stock Yards.

    C. I. Stafford and Sons, per E. M. Rucker.

"This draft collectible at par

    through the Simmons National

    Bank, Pine Bluff, Ark.

(There appears on the left end of Exhibit No. A, the
    following) Livestock draft

"C-5 No Pro

    84-11

(There appears on the reverse side of Exhibit A, the
    following)

"Victor Simon sale stable.

(There appears several rubber stamp indorsements and
    cancellations that are not legible.)"

Appellants filed an answer denying the allegations
of the complaint and for further answer stated: That
the appellants did not authorize said purchase of cattle
from appellee herein, but the Four States Commission
Company, a partnership composed of O. A. McFadden
and E. M. Rucker, represented by E. M. Rucker, made
the purchase of cattle from appellee and drew draft
on the Four States Commission Company. That the
draft, upon being presented to appellants for payment,
was refused, as appellants were notified by O. A. Mc-
Fadden, a partner in the Four States Commission Com-
pany, not to pay said draft. That these appellants were
not in any way connected with said appellee and if there
is any cause of action in favor of appellee herein, it is
against the Four States Commission Company, as the
Four States Commission Company was not and is not
at the present time representing said appellants, nor
was the purchase made or the draft drawn with the
knowledge or consent of these appellants.

The cause was submitted to a jury on the pleadings,
testimony introduced by the parties and instructions of

the court resulting in a verdict and consequent judgment for $1,388.20 with interest at the rate of 6 per cent. from December 7, 1937, against appellants, from which is this appeal.

At the conclusion of the testimony each party requested a peremptory instruction which was refused by the court over their respective objections and exceptions, but other instructions were given at the request of the parties.

A motion for a new trial was filed by appellants setting out a number of reasons why same should be granted one amongst them being that the court erred in denying appellants' request for a directed verdict in their favor and in failing and refusing to grant a new trial. This ground raised the insufficiency of the evidence to support the verdict and judgment.

In denying the request for a new trial the court made the following finding:

"On the question of agency the court finds that from a preponderance of the testimony the agency of E. M. Rucker to purchase the cattle in question for C. I. Stafford & Sons is not established; but the court is permitting the verdict of the jury in this case to stand solely on the question of ratification or estoppel."

Appellants contend for a reversal of the verdict and judgment because the only issue joined by the pleadings and evidence introduced in the case was whether E. M. Rucker had actual or implied authority to purchase the cattle for C. I. Stafford & Sons and to issue their draft in payment of same, and that the court having found that the agency of E. M. Rucker to do so was not established by a preponderance of the evidence, it was the court's duty to grant a new trial. After a careful reading of the pleadings, evidence adduced and instructions of the court we have concluded that the sole issue involved was whether E. M. Rucker had actual or implied authority to buy the cattle for C. I. Stafford & Sons and issue their draft in payment of same. Ratification and estoppel were not pleaded and instructions were not requested or given on the issues of ratification or estoppel.

The theory of appellants was that they had not given E. M. Rucker any authority whatever to buy the cattle and to issue their draft in payment of them and that they had done nothing from which such authority might be implied.

. The theory of appellee was that E. M. Rucker had express or implied authority to purchase the cattle for C. I. Stafford & Sons and to issue their draft in payment of same.

. Eliminating, therefore, the issues of ratification and estoppel, which were not issues in the trial of the cause below, the only remaining question on this appeal is whether the court erred in refusing to grant a new trial after finding that the issue of agency was not established by a preponderance of the testimony. ·

This court said in the case of *Twist* v. *Mullinix,* 126 Ark. 427, 190 S. W. 851, that: "If the trial court finds and announces that the verdict of the jury is against the preponderance of the evidence on a material issue of fact then he must set aside such verdict." The rule announced in the Twist Case, *supra,* was reiterated in the cases of *Spadra Creek Coal Company* v. *Harger,* 130 Ark. 374, 197 S. W. 705; *Mueller* v. *Coffman,* 132 Ark. 45, 200 S. W. 136, and *Bean* v. *Coffee,* 169 Ark. 1052, 277 S. W. 522.

The pleadings, the evidence and findings of the trial court in the instant case bring it within the rule announced in the cases referred to above and the court should have granted appellants a new trial.

Appellants contend, however, that appellee was not entitled to a judgment under the pleadings and undisputed proof and for that reason should have peremptorily instructed a verdict for them and for that reason this court should reverse the judgment and direct the trial court to enter a judgment for appellants. We do not think so, for there is abundant testimony in the record tending to show that appellants gave E. M. Rucker authority to buy the cattle and issue their draft in payment of same. E. M. Rucker testified positively that appellants conferred that authority on him. His testimony was corroborated by

other testimony to the effect that C. I. Stafford & Sons through agents, employed and paid by them, placed in the hands of E. M. Rucker a book of drafts with the printed name "C. I. Stafford & Sons" as drawer, on the draft and that appellants paid out many dollars on the same kind of drafts in the purchase of cattle over an extended period of time prior to the execution of this draft. The record also reflects that E. M. Rucker purchased three carloads of cattle prior to the purchase of this carload and drew drafts in payment thereof furnished him by appellants exactly like the draft he used in payment of this carload of cattle and that the other cars were received at the stockyards of appellant in Pine Bluff, and when the drafts were presented they were paid by appellants. The record also reflects that appellants received the money for which the carloads of cattle sold and now have same in their hands, but since they were sold for less than the purchase price they refused to pay the draft unless appellee would accept the amount for which the cattle sold instead of the amount he was to receive for the cattle as evidenced by the draft. The record also reflects that on another occasion Rucker used the drafts which had been furnished him and purchased cattle for C. I. Stafford & Sons in Gillette, Arkansas. We cannot say that the undisputed evidence in the case shows that Rucker was without authority to buy the cattle or to issue appellants' draft in payment of them.

The judgment must, therefore, be reversed and the cause remanded with directions for the trial court to grant appellants a new trial.