CLARK v. GILL.

4-7131                                   174 S. W. 2d 679

Opinion delivered November 1, 1943.

P. W. Townsend, Frierson & Frierson and Ponder & Ponder, for appellant.

Sloan & Sloan and S. L. Richardson, for appellee.

McHANEY, J. Appellant Clark owned and operated a truck for the other corporate appellants, doing business as joint venturers under the trade name of F. F. O. Company, and which had been leased to them and was being operated for their benefit. This truck driven by Clark became involved in a collision with a truck owned and operated by appellee on the night of September 1, 1942, in Lawrence county, resulting in damage to appellee's truck and in personal injury to him, for which he brought suit against appellants. Issue was joined as to whose negligence caused the collision, and trial resulted in a verdict and judgment against appellants in the sum of $2,500.

To reverse this judgment several assignments of error are argued, but we shall refer to only two of them, in view of the disposition we make of the case.

1. It is first insisted that the evidence is insufficient to support the verdict, and that the court erred in refusing to direct a verdict in their favor at their request. We have carefully reviewed this evidence and have reached the conclusion that there was substantial evidence sufficient to take the case to the jury as to whose negligence caused the accident. We do not review this evidence, since the case must be reversed for another reason, and it may not be the same on another trial.

2. In passing on the motion for a new trial and overruling it, the court used this language: "I know that it is a very close case, but this court has no right to go into the weight of the evidence, and seeing whether it preponderates one way or the other. I am frank to admit that probably the testimony looks like on the face of it that it was rather doubtful as to the negligence of Clark, but the circuit court has no authority to pass upon that testimony nor the weight of it. That goes to the instructions to the jury as to how to weigh their testimony. Of course, the court has a right to have an opinion and it is my opinion there was not sufficient evidence to go to the jury. In other words, there was not sufficient evidence of negligence on the part of Clark under this evidence to justify the returning of a verdict against

these defendants; but on that point, I would not be allowed to set up my opinion as to the weight of the evidence and which side preponderates and which does not. That is the way I look at it. And the ruling and holding. of the court will be that the motion for new trial herein is overruled."

In so holding, the court committed reversible error. It is the duty of the trial court, if there is a substantial conflict in the evidence as to negligence, to submit the question to the jury for its determination; but, if the jury returns a verdict which, in the opinion of the trial court, is against the preponderance of the evidence, it is his duty to set it aside and grant a new trial on the motion of the losing party. It has been so held by this court in a number of cases, one of which is *Twist* v. *Mullinix*, 126 Ark. 427, 190 S. W. 851, where substantially the same language as that quoted above was used by the court in overruling the motion for a new trial, and this court said: "But after the jury has concluded its deliberations and returned its verdict, if there is a motion for a new trial setting up that the verdict is not sustained by sufficient evidence, or that it is contrary to law, or both, it is then the province of the trial court to review the verdict and to determine whether or not the jury has correctly applied the law as contained in the court's instructions, and whether or not the verdict is responsive to the preponderance of the evidence." Again in the same case, after stating that the verdict should be in favor of the party who has established the issues of fact for which he contends by a preponderance of the evidence, it is said: "If the jury has not so decided, then its verdict is not correct, and it is the peculiar and exclusive province of the trial court to correct such error by granting a new trial. . . . and if the trial court finds and announces that the verdict of the jury is against the preponderance of the evidence on a material issue of fact, then he must set aside such verdict." And again, it was said: "But when the trial court has passed upon that issue and announced its findings this court must see as a matter of law that the party entitled thereto gets the

benefit of such finding." There are a number of decisions of this court to the same effect, citing and following *Twist* v. *Mullinix,* two of which are: *Spadra Creek Coal Co.* v. *Callahan,* 129 Ark. 448, 196 S. W. 477; *Bean* v. *Coffee,* 169 Ark. 1052, 277 S. W. 522.

The language of the court above quoted, that, in his opinion, "there was not sufficient evidence of negligence on the part of Clark under this evidence to justify the returning of a verdict against these defendants" is a finding by the court that the verdict was against the preponderance of the evidence, and, under the cases above cited, constitutes reversible error.

The judgment is accordingly reversed, and the cause remanded for a new trial.