[APRIL TERM, 1922]

## BARRETT v. GREEN RIVER & R. S. L. S. Co.
### (No. 1030; Decided April 3, 1922; 205 Pac. 742)

RECEIVER PENDENTE LITE—''PROBABILITY'' OF INTEREST IN CORPORA-
TION DEFINED—PLEADINGS IN EQUITY—CORPORATIONS—JUDGMENT—
PLEA OF RES JUDICATA—ACCOUNTING.

1. The appointment of a receiver *pendente lite* rests to a considerable extent in the discretion of the court, and the probability that plaintiff will finally be entitled to a decree is a material circumstance to be considered, under Comp. St. 1920, § 6184.

2. Refusal to appoint a receiver *pendente lite* was right where it was not apparent from the pleadings that petitioner had a probable interest in the corporation, the word ''probability'' as used in this connection, meaning the apparent existence of more evidence for than against, which inclines the mind to believe, but leaves some room for doubt.

3. An answer in a suit praying the appointment of a receiver *pendente lite,* denying plaintiffs title and his right to require an answer is not subject to the rule of equity pleadings requiring it to be full and responsive, but may be regarded as a ''plea'' denying plaintiff's title and his right to require an answer.

4. In a suit to determine ownership of the stock of a corporation, for an accounting, the appointment of a receiver, dissolution, and other relief, an answer alleging that defendants deny the allegations that plaintiff owned stock in the corporation, and alleging that plaintiff had sold the stock to one of the defendants, was not so defective as to require the court to disregard the allegation in passing on application for a receiver *pendente lite.*

5. In a suit to determine the ownership of stock of a corporation, for an accounting, and for the appointment of a receiver, an answer alleging that a suit had been brought by plaintiff against defendants on the same cause of action based upon the same transaction and ''was prosecuted to a final judgment,'' and that the judgment was in favor of defendants, although failing to allege that a trial or hearing on the former suit was had upon the merits, was sufficient to entitle the plea to consideration in determining whether

plaintiff's interest was so probable as to justify the appointment of a receiver *pendente lite.*

6. In a suit to determine the ownership of stock of a corporation, for an accounting, and for the appointment of a receiver, in which the answer denied plaintiff's title to stock of the corporation and alleged that a former action between the parties and concerning the same circumstances had been decided against plaintiff, the refusal without prejudice to right to renew to appoint a receiver was not error.

7. In a suit to determine the ownership of stock of a corporation, for an accounting, and for the appointment of a receiver, allegations in the petition that if defendants were left in possession of the corporate books, records, and property, evidence would be concealed, and the company's income used to embarrass plaintiff in proving his case, was not sufficient to justify the appointment of a receiver *pendente lite.*

ERROR to the District Court, Sweetwater County; HON. JOHN R. ARNOLD, Judge.

Action by James Barrett against the Green River & Rock Springs Livestock Company, and others. From an order denying an application for the appointment of a receiver *pendente lite,* plaintiff brings error.

*N. R. Greenfield, W. H. Bramel* and *M. E. Wilson,* for plaintiff in error.

The answer of defendants is insufficient under the rule of equity pleadings requiring a full and responsive answer setting forth a fair explanation and discovery free from evasiveness or ambiguity. Phrases such as "except as herein admitted, qualified or otherwise denying defendants deny each and every allegation" etc., leaves the case wholly to the minds of defendants to determine what is qualified or denied. (Hensley v. Tarter, 14 Calif. 508; Mead v. Pettigrew, 78 N. W. 945; Salisbury v. La Fitte, 123 Pac. 124; Cooper v. Insurance Co., 123 S. W. 497, Ronning v. Way, 123 Pac. 615; Peters v. McPherson, 114 Pac. 188; Hatcher v. Fitzpatrick, 101 S. W. 933; Lewis v. Coat-

ler, 10 Ohio St. 451.) An answer may be sufficient as an answer at a trial but wholly impotent as an affidavit or as evidence to show cause in cases such as this. (Kerrhan v. Matthews, 46 Eng. Chan. 322; Goodman v. Whitcomb, 1 Jac. & W. 589; Barton v. Parsons, 95 Pac. 391 (Kan.). Evasive denials or mere denials will not suffice as an affidavit of defense to a bill for receivership. (Ranking v. Rothschild, 43 N. W. 1077; Pearce v. Elwell, 21 S. E. 305; Hardware Co. v. Duncan, 47 N. W. 846; 21 C. J. 478.) Denial that Mary Barrett is an owner of stock is a mere conclusion of law. (Clark v. Frankoich, 176 Pac. 259.) Where title, sale or transfer is of the gist of a controversy, full facts must be pleaded. (Turner v. White, 73 Calif. 299; Traction Co. v. Ross, 125 N. E. 72; Thompson v. Nichols, 72 N. W. 217; Canal Co. v. Southworth, 21 Pac. 1028; Mason v. Mason, 76 N. E. 692; Ricketts v. Crewdson, 81 Pac. 1. (Wyo.); Repp v. Lesher, 61 N. E. 609.) Every bill in equity is in a sense a bill of discovery seeking disclosure; here the specific plan is for an account from a trustee. It is admitted that Mary Barrett, as a pretended administratrix brought about a confusion of titles, and obliterated evidence, hence the burden rests upon her to identify the property. (12 C. J. 498-99.) Where a trustee commingles and confuses his own alleged title and property with those of the beneficiary the rule is even stronger. (39 Cyc. 296.) When a trust is admitted, the duty to act becomes absolute. (Towle v. Mack, 2 Vt. 19; Bone v. Hayes, 99 Pac. 172.) Plaintiff is entitled to a judgment for everything prayed for upon the pleadings. (Wooden v. Kerr, 51 N. W. 937.) The trial court erred in refusing to appoint a receiver to conserve the assets of a corporation from loss, plaintiff being a third owner. (Sec. 6184 Comp. Stats. 1920.) The fraud perpetrated, the wrong done, the property to be conserved and the matters to be settled in the final decree are clearly set forth. A receiver was necessary to protect plaintiff's rights. (Giroux v.

Bockler, 194 Pac. 178; Cameron v. Imp., 72 Am. St. Rep. 26.) The estate owned 400 shares of corporate stock. Defendant Mary Barrett, while acting as administratrix emerges from the trust claiming ownership of all the stock, the estate owned, showing violations of trust, fraud, wrong possession and waste. Only a receivership will protect plaintiff. (Hardware Co. v. Waibel, 47 N. W. 814.) Where no other remedy is full and complete it is the duty of the court to appoint a receiver and it is abuse of discretion to refuse. (Hendrix v. Land Co., 11 So. 213; Land Co. v. Turner, 11 So. 211; Bates v. Werries, 199 S. W. 758; Sallee v. Jones, 81 N. E. 587.) The threatened insolvency of the corporation is another ground calling for receivership. (Sec. 6184 Comp. Stats. 1920. Oleson v. Bank, 45 Pac. 734; State v. Bank, 56 N. W. 575.) Under the control of defendant Mary Barrett the corporation ceased to function, lost its franchise and is a proper subject for receivership. (Ward v. Ins. Co., 7 Page 294.) Upon the record, the trial court found the facts for plaintiff; granted an injunction *pendente lite* restraining distribution of any property except in the usual course of business; considering the circumstances shown by the pleadings, a receivership is all that can save plaintiff's rights and do justice in the case.

*T. S. Taliaferro*, for defendant in error.

No brief was filed for defendant in error.

KIMBALL, Justice.

James Barrett, plaintiff below, brings this proceeding in error to review an order denying an application for the appointment of a receiver. The defendants were the Green River & Rock Springs Livestock Company, a corporation, Mary Barrett, Ed. Barrett, Patrick C. Barrett and Tom Whitmore, as administrator of the estate of Mary Barrett, deceased. Another defendant who did not appear, need not be noticed. The plaintiff, James Barrett, and defend-

ants, Mary, Ed, and Patrick C. Barrett, are the children
and heirs at law of Mary Barrett, deceased. Plaintiff claims
to be the owner of one-third of the capital stock of the de-
fendant corporation. The defendants, the other Barretts,
claim to be the owners of all the capital stock, and it is ad-
mitted that at the commencement of the action in June,
1920, and for more than seven years next before that time,
they were in possession of the property and in control of
the business of the corporation, to the exclusion of the other
parties claiming rights as stockholders. The administrator
claims that all the stock of the corporation belonged to his
intestate, and is now rightfully a part of her estate.

The relief asked by plaintiff included a determination of
the ownership of said capital stock; an accounting by
Mary, Ed, and Patrick C. Barrett to the corporation for
moneys alleged to have been appropriated by them; an in-
junction restraining them from exercising any functions as
stockholders or directors; a receiver to take possession of
all the corporate property; a dissolution of the corporation,
and distribution of its assets. The administrator, by a cross-
petition against all the other parties, sought relief of the
same general nature, including the appointment of a re-
ceiver, but did not pray for an injunction nor for dissolu-
tion. The defendants (the corporation, and Mary, Ed and
Patrick C. Barrett), filed answers to both the petition of
plaintiff and the cross-petition of the administrator. The
hearing which resulted in the refusal of the court to ap-
point a receiver *pendente lite* was had upon the application
of plaintiff, when it seems that the application of the ad-
ministrator, as cross-petitioner, for similar relief, was also
considered and denied. These applications were submitted
to the court upon the pleadings only. The order denying
them provides that the corporation and Mary, Ed, and Pat-
rick C. Barrett be restrained during the pendency of the
action from encumbering or disposing of any of the cor-
porate real property, and from encumbering or disposing
of any of the corporate personal property except in the or-
dinary course of business. The administrator has brought

no appeal or proceeding in error for review of that order, and we need to determine only whether upon the case disclosed by the pleadings the plaintiff was entitled to the appointment of a receiver *pendente lite* for the defendant corporation.

A few elementary principles governing the appointment of receivers may be observed. The appointment of a receiver *pendente lite* is to a considerable extent a matter resting in the discretion of the court to be controlled by a consideration of all the circumstances of the case, and while, in passing on the application for a receiver, the court should in no manner forestall or anticipate the final decision upon the merits, the probabality that the plaintiff will ultimately be entitled to a decrêe is one of the most material of the circumstances so to be considered. (High on Receivers, §§ 7, 8; Tardy's Smith on Receivers, §§ 10, 11, 12; and Owen v. Homan, 3 Mac. & G. 378, S. C. on Appeal 4 H. L. Cas. 997), cited and quoted in the foregoing texts. (See, also, Steele v. Aspy, 128 Ind. 367, 27 N. E. 739; Kelley v. Boettcher, 89 Fed. 125; Goulding v. Bain, 6 N. Y. Super. Ct. (4 Sandf.) 716; Apalachicola N. R. Co. v. Sommers (Fla.) 85 So. 361; Wyo. C. S. 1920, § 6184.)

From a consideration of these principles it follows that the court below was right in refusing to appoint a receiver, unless it appears that it should have been found from an examination of the pleadings that the plaintiff had a probable interest as a stockholder in the corporation. The word "probable" is defined by Webster as: "Having more evidence for than against; supported by evidence which inclines the mind to believe, but leaves some room for doubt; likely." This definition of the word when used in this connection has received judicial sanction in Willard Oil Co. v. Riley, 29 Okla. 19, 115 Pac. 1103.

It would seem clear that it would seldom if ever be error for a court, acting upon the pleadings only, to refuse a finding of probability in favor of a right which is asserted by one party and sufficiently denied by the other. But the plaintiff in error. relying upon the rule that every bill in

equity is in a sense a bill of discovery, calling for a full and responsive answer, claims that the answer of those defendants who resisted the application for a receiver, did not meet fully the allegations of the petition, and was therefore entitled to no consideration. The rule mentioned cannot apply in this case, as the answer in question, if considered under the principles of equity pleading, does not purport to be the technical answer of equity, but may be regarded as a "plea" denying the plaintiff's title and his right to require an answer. (Story's Eq. Plead., § 649 *et seq.*

But it is further contended that the plaintiff's interest as a stockholder in the corporation was not sufficiently denied. We think that it was. The joint answer of the corporation, and Mary, Ed, and Patrick C. Barrett, verified by Mary Barrett, contains the following: "These defendants expressly deny the allegations of paragraph three of plaintiff's petition (the paragraph in which it was alleged that plaintiff was the owner of one-third of the capital stock), and allege that the plaintiff James Barrett has sold, assigned and transferred to Mary Barrett, defendant herein, all of the stock he owned in said corporation, and that he has now no right, title, claim or interest therein." This statement is criticized as containing conclusions of law only. It comprises a denial of plaintiff's allegations of ownership together with a distinct averment that he has no right, title, or interest. If it be granted that it was necessary to plead that the plaintiff sold and assigned his stock, and granted, further, that the allegations in that regard are objectionable for indefiniteness in failing to state the time, place and manner of the sale and assignment, still we think the defect would not be so serious as to require the court to disregard the allegation.

In the same answer it was further alleged that in 1916 a suit was commenced in the district court of Sweetwater County by the same plaintiff against the last named defendants upon the same cause of action, based upon the same transactions; that said former action "was prosecuted to a

final judgment,'' and in 1917 said court ''rendered judgment therein that plaintiff take nothing by reason of his petition, but that same be dismissed, and that defendants have and recover of and from plaintiff their costs;'' that ''said judgment did in fact constitute a final judgment on the merits as between the parties thereto and hereto, as appears by the judgment roll;'' that it has not been set aside, modified or reversed, but remains in full force, and a bar to the present action.

It will be noticed that it was not alleged that a trial or hearing of the former suit was had upon the merits, and there might be some doubt whether this omission was supplied by the allegations that the suit was prosecuted to final judgment, and such judgment was on the merits. Without holding that this was a sufficient plea of *res adjudicata,* we think the averments of the plea were entitled to consideration as disclosing some of the circumstances of the case, and to be given weight in determining whether the plaintiff's interest was so apparent or probable as to justify the ancillary relief of receiver.

In his cross-petition the administrator stated that the legal title to the entire capital stock of the corporation was in Mary Barrett, deceased, and thus it was again denied that plaintiff owned the stock which he claimed as the basis of his right to sue.

We think it clear that plaintiff's title to the stock was sufficiently denied; that on the case disclosed by the pleadings the court was not forced to a finding that plaintiff had a probable interest in the corporation, and, therefore, it was not error to refuse his prayer for a receiver. The order denying the application recited that it was without prejudice to the right to renew it, and no doubt if the plaintiff be successful in establishing his interest in the corporation, and it appear necessary that a receiver be appointed to protect the interest, that relief may then be granted.

It was alleged in the petition, as a reason for a receiver *pendente lite,* that if defendants were left in possession of the corporate books, records, and property, evidence would

be concealed, and the company's income used to embarrass plaintiff in proving his case. We do not understand that these allegations would justify a receivership. If there be danger that evidence will be destroyed or concealed, the law provides other ànd more appropriate means for its production and preservation.

The order denying the application for a receiver is affirmed.

POTTER, Ch. J., and BLUME, J., concur.