No. 2799

Second Circuit

UPSHAW v. TRIANGLE DRILLING CO.

(November 6, 1926. Opinion and Decree.)
(December 11, 1926. Rehearing Refused.)

(*Syllabus by the Court.*)

1. **Louisiana Digest—Master and Servant —Par. 159.**

Under the Workmen's Compensation Act, 20 of 1914, prior to the amendment of the year 1926, where the injury to the plaintiff was slight and he sustained no appreciable disfigurement or impairment of a physical function and at the time of the trial, twelve weeks after the accident, the plaintiff was practically recovered and the undisputed testimony of reputable physicians was to the effect that he would be entirely recovered in from two to six weeks thereafter, the court should fix a definite length of time during which compensation shall be payable.
Rogers vs. Thermatomic Carbon Co., 157 La. 193, 102 South. 304.

Appeal from the First Judicial District Court of Louisiana, parish of Caddo. Hon. E. P. Mills, Judge.

Action by Gerald A. Upshaw against Triangle Drilling Co.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Long & McSween, of Shreveport, attorneys for plaintiff, appellant.

J. Fair Hardin, of Shreveport, attorney for defendant, appellee.

STATEMENT OF THE CASE.

REYNOLDS, J. This is a suit to recover compensation under the Employers' Liability Act as it existed prior to the amendment of the year 1926, for an alleged injury to plaintiff's left shoulder, head, eye, back, teeth and jaws by being struck in the "small of the back" by a pair of "break up tongs".

Defendant denied liability, except as for a slight injury.

On these issues the case was tried and there was judgment in favor of the plaintiff for the sum of $20.00 per week during a period of twenty weeks and he has appealed.

OPINION.

Plaintiff seeks to establish the existence of the alleged injuries by his own testimony alone.

His testimony is in direct conflict with that of the only other witnesses in the case, three reputable and eminent surgeons of Shreveport, Louisiana, Doctors A. P. Crain, Thomas Ragan and J. C. Willis, Jr.

Doctor J. C. Willis, Jr., testified, (evidence, pages 7, 9, 12, 14).

"Q. State the extent of his injuries, to his arm and other injuries?

"A. He had a fracture of the left clavical, also had an incision over the left eye, about an inch long, and was bruised along the left side of the face, and complained of his back for a while.

"Q. What did you do with him?

"A. We gave him an anaesthetic and bandaged up the fractured clavical and sutured up the injury over the left eye.

"Q. Doctor, the clavical is the shoulder bone in ordinary persons?

"A. Yes, sir.

"Q. The cut over the eye, was that a superficial or a deep cut?

"A. Superficial, through the skin surface only.

"Q. Was there any indications of any serious nerve injury resulting from that cut?

"A. No, sir.

* * *

"Q. Did you find any evidence of permanent injury?

"A. I don't think he has any permanent injury.

"Q. Have you had an x-ray made, have you seen one?

"A. Yes, I saw it in the beginning, when first taken.

"Q. What part of the back did he complain?

"A. He complained of the small of his back.

"Q. What seemed to be the trouble there, doctor?

"A. I couldn't find any.

"Q. It was probably a strain of temporary nature?

"A. Yes, we had to take his word for it, we couldn't see anything on examination.

"Q. If you didn't find anything there, it doesn't mean that it was not there at all?

"A. No, it don't absolutely show that it was not.

* * *

"Q. You believe that in two weeks' time he will recover?

"A. Yes, sir."

Doctor A. P. Crain testified (evidence, pages 15, 16):

"Q. Have you examined the plaintiff, Mr. Upshaw?

"A. Yes, sir.

"Q. When?

"A. Yesterday afternoon.

"Q. State what you found, doctor?

"A. I found a cut over the eye, small scar; I found a fracture of the clavicle middle up nerve, firm union, fair position.

"Q. Do you see any evidence of the present disability or permanent disability of the man, or what is his condition at the present time?

"A. I think the bone is in just about as good condition as is practical to get a collar bone unless you cut into it; it has fair union and the callous is thrown out as with all the bones there is very good union but some tenderness; it shows about what it was before, the motion of the arm is pretty good, got it straightened out without any trouble that is some tenderness and present disability, but not permanently so.

* * * *

"Q. In your opinion, how long do you think it will be before he has complete recovery?

"A. That is an opinion; I differ with Doctor Willis; a little bit on. I think two weeks a little time short for him; I think it will be all right in six weeks.

"Q. Did you find any other injury?

"A. I found a little scar, a little scratch there over the eye.

"Q. Is there any injury from this?

"A. No, sir.

'Q. You found no other evidence of an injury except a broken collar bone and the scratch?

"A. No, sir.

*. * *

"Q. Did you find a nerve injury where you found the scar or scratch?

"A. None.

* * *

Dr. Thomas Ragan testified (evidence, page 17):

"Q. Doctor, have you examined the plaintiff, Mr. Upshaw?

"A. Yes, sir.

"Q. Examined him yesterday?

"A. Yes, sir.

"Q. State your findings?

"A. Doctor Crain and I examined him together and made the report together and it is about as he stated; there was a fracture on the middle upper bone of the collar bone with a certain amount of overlapping and a little callous in the formation and fair union.

* * *

"Q. When do you think he will fully recover from the effects of that?

"A. The use of the arm, he would probably restore it in a few weeks, from four to six weeks, he ought to get the arm so that he would have the full use of the function."

There is no testimony whatever in the record in conflict with that of these three eminent surgeons, and agreeably to their testimony the only injury that plaintiff was entitled to recover compensation for under the Employers' Liability Act at the time of the trial was the broken collar bone and that was practically healed and would under light work become entirely normal in from two to six weeks.

The judgment of the lower court was entirely in accord with the true intent of the Workmen's Compensation Act in giving plaintiff compensation at $20.00 per week for a period of twenty weeks.

Counsel for plaintiff contend with great ability and earnestness that that judgment is in conflict with the holding of this court in the case of O'Donnell vs. Fortuna Oil Co., 2 La. App. 462. We do not think so. We said in that case (page 465):

"There may arise cases in which the court would be warranted in fixing a definite period of disability. That could be done in any case where the period could be fixed definitely under the testimony. It frequently happens that laborers are disabled, totally or partially for a few weeks and recover and are able to return to work as sound and whole as ever before the day of trial; in which event it would be possible, of course, for the court to determine definitely the period of disability. In a case like that the court should fix the number of weeks during which compensation shall be paid."

In the Rogers case, cited in the syllabus, the Supreme Court said:

"Counsel for the Thermatomic Carbon Company also contend that the Court of Appeal held, in effect, that a judgment could not be rendered under the Employers' Liability Act for less than the period during which the modification of the judgment is prohibited, and that the court

erred in so holding. Counsel also contend that, if the statute may be construed as held by the Court of Appeal, it violates the Fourteenth Amendment to the Constitution of the United States. We may say that we do not understand that the Court of Appeal held as contended by counsel, and we may add, that we, ourselves, are clearly of the opinion that the act authorizes the rendition of a judgment, in a case such as the present one, for a period less than the year mentioned. * * *"

Under all the evidence and these authorities we are convinced that the judgment of the lower court is correct, and, accordingly it is hereby affirmed.