No. 2863

Second Circuit

---

## CLOUD v. OHIO OIL CO.

---

(June 28, 1927. Opinion and Decree.)

---

*(Syllabus by the Court)*

1. **Louisiana Digest—Master and Servant —Par. 159, 160e, 160j.**

In a suit under the Workmen's Compensation Act (Act 20 of 1914 and amendments) for compensation for disability resulting from a broken finger, ·where the preponderance of the testimony of the medical experts testifying in the case is to the effect that in from six weeks to three months plaintiff's finger will be normal again, the court should fix the period during which compensation shall be paid.

Upshaw vs. Triangle Drilling Co., 5 La. App. 224;. Fuller vs. Robinson Constr. Co., 5 La. App. 241; Mays vs. Allison & Langston Supply Co., 5 La. App. 686.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo. Hon. E. P. Mills, Judge.

Action by Martin Cloud against Ohio Oil Company.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Long & McSween, of Shreveport, attorneys for plaintiff, appellee.

R. L. Benoit, of Shreveport, attorney for defendant, appellant.

## STATEMENT OF THE CASE

REYNOLDS, J. This is a suit under the Workmen's Compensation Law (Act 20 of 1914 and amendments) to recover compensation for · disability resulting from a broken finger.

Plaintiff alleged that he was earning $31.50 a week and that his injury had rendered him unable to perform any work of a reasonable character.

He prayed for judgment for $20.00 a week during disability, not exceeding four hundred weeks, less compensation for eight weeks already paid him by defendant.

Defendant denied liability and alleged that plaintiff had fully recovered from the disability resulting from the injury.

The case was tried on May 19, 1926.

On April 25, 1926, a motion to reopen the case was filed and later the motion was refused.

On May 12, 1926, a second motion to reopen the case was filed and this also was refused.

On May 26, 1926, a motion for a new trial was filed and allowed.

On July 22, 1926, the case was tried the second time.

On October 26, 1926, a motion to reopen the case was filed.

On November 3, 1926, the motion was overruled.

On November 3, 1926, judgment was rendered in favor of the plaintiff and against defendant for $20.00 a week for twenty-five weeks beginning December 31, 1925, with legal interest on each payment from its maturity until paid, less $160.00 already paid. The judgment also fixed the fees of the experts who testified at $25.00.

From this judgment both plaintiff and defendant appealed.

## OPINION

The question for determination in this case is whether the trial court erred in fixing the period during which defendant should pay plaintiff compensation at twenty-five weeks instead of a longer period.

As to the extent of plaintiff's injury, Doctor S. C. Barrow testified, page· 32:

"Q. Doctor, can you say whether or not the injury disclosed to his hand, the whole injury disclosed by your x-ray examination, will result in a ·permanent loss of the use of the hand or could that injury be remedied and permit the .use of the hand?

"A. Well, our observation of fractures has been, or of fractures of that kind, that after the lapse of a reasonable length of time and proper use that they get good results.

"Q. Can you estimate that time doctor?

"A. I cannot estimate it accurately; but we would ordinarily think about two or three months it ought to clear up entirely. That is just an approximate estimate."

Doctor J. M. Dennis testified on the second trial (pages 2 and 3):

"Q. When did you consider from your knowledge of Mr. Cloud, when did you consider that his disability terminated?

"A. April 1st.

"Q. Upon what do you base that conclusion, doctor?

"A. On the condition of his hand."

Doctor A. P. Crain testified, on the first trial (page 18):

"Q. The condition Mr. Cloud's right hand is in now, how long do you estimate is necessary by proper treatment to restore that hand so he could use it practically as well as he did before he was injured, that is, without any operation, just treating it, such treatment as a doctor would give it?

"A. I presume about two or three months.

"Q. Two or three months?

"A. Yes, sir."

In line with this and other testimony in the record our learned brother of the District Court, in well considered written reasons for judgment, said in part:

"The new trial was had July 22, 1926, four months after the first trial. At this time Dr. Dennis testified that he considered that plaintiff's disability had ceased April 1st. However, he admits that when he examined the plaintiff on the 9th of April his grip was still weak. He attributed this to lack of co-operation on the part of the plaintiff. Attached to the deposition of Lewis L. Graham, chief adjuster, Business Men's Assurance Co. of America, we find a preliminary statement signed by plaintiff but undated, in which, over his own signature, he asserts that he considers that his disability will continue for six weeks. As the physician's preliminary statement, also attached, is dated January 2, 1926, we presume that is also the date of plaintiff's statement. We also find that on the 9th day of April plaintiff made to the insurance company a sworn final statement that his disability ended April 1, 1926, and that he resumed his occupation April 1st. He claimed from the insurance company indemnity for ninety-six days. We can think of no reason why plaintiff should make false statements under oath to the insurance company as such statements were against his interest. Furthermore, plaintiff did not appear at the new trial to explain these statements or to offer his hand for examination. Thereafter defendant filed an application to reopen the case, attaching affidavits to show that plaintiff had been working at a 'roughneck' since the 31st day of August, 1926, receiving the same wages as before the injury. Under our views of the case we do not feel it necessary to again reopen it. Though the hand was not fully restored to use April 9th according to Dr. Dennis, we feel that plaintiff's sworn statement that his disability ceased April 1st together with his failure to appear at the new trial more than four months after the first one, justifies the court in concluding that the estimate of the physicians that he would recover the use of his hand in three months at the outside, to be correct. These physicians were defendant's witnesses. We therefore think plaintiff should recover for a period of three months after the date of the first trial. There is accordingly judgment in his favor and against defendant for twenty-five weeks at $20.00 per week, the first payment to be due December 31, 1925, each weekly payment to draw legal interest from the date it falls due until paid. The above amount is subject to a credit of $160.00 or eight weeks' payment already received by plaintiff. Respondent to pay all costs of this suit."

After carefully reading the record we are satisfied that the judgment appealed from is correct and accordingly it is affirmed.