No. 3699

Second Circuit

GLOVER v. WASHINGTON-YOUREE HOTEL CO., INC.

(March 24, 1930. Opinion and Decree.)

Harry V. Booth, of Shreveport, attorney for plaintiff, appellant.

Spearing & Mabry, of New Orleans, and Pugh, Grimmet & Boatner and J. N. Marcantel, of Shreveport, attorneys for defendant, appellee.

WEBB, J. This is an action to recover compensation under the provisions of the Employers' Liability Law (Act No. 20 of 1914 as amended).

Plaintiff alleged, in substance, that while engaged in the employment of defendant he had sustained an injury of his right foot which had partially disabled him to do work of any reasonable character, and he prayed for judgment accordingly, and he appeals from a judgment awarding him compensation for a period of thirty-six weeks.

The sole question presented here is relative to the right of the court to name the

period for the payment of compensation, under the provisions of section 8, subsection 8, of the statute (Act No. 242 of 1928) which provides that:

"For injury producing temporary total or temporary partial disability the Court, may in its discretion, award compensation for a fixed number of weeks to be based upon the probable duration of such disability."

On trial, the evidence established that plaintiff had sustained a slight cut on the heel of his right foot and that there had been some infection of the wound which had, however, yielded to treatment; but plaintiff stated that he did not have complete use of his foot at the time of the trial, and that he was unable to resume his employment; and his statement was supported by the opinions of physicians called by him, who stated that the wound had not completely healed, due to the fact that plaintiff continued to walk on his foot, that it would heal in three weeks from the date of the trial, and that plaintiff would be able to resume his employment in three weeks from that time; and although the physicians called by defendant (one of whom had treated plaintiff) stated that the wound had completely healed three months prior to the date of the trial, and that the disability resulting from the injury had ceased at that time, the court accepted the statement of plaintiff and the opinions of the physicians called by him, and awarded him compensation for a period which included the time from the date of the injury to the date of the trial and an additional period of six weeks.

It seems to be conceded that where the evidence establishes the probable duration of disability the court should fix the period for the payment of compensation (Upshaw vs. Triangle Drilling Co., 5 La. App. 224:

Cloud vs. Ohio Oil Co., 6 La. App. 823); and, considering the nature of the injury and the opinions of the physicians called by the parties, we are of the opinion that the court properly exercised its discretion in fixing the period for the payment of compensation, and from our review of the record it appears that plaintiff has not any cause to complain of the judgment, and it is affirmed.