## COSGROVE v. HARTFORD ACCIDENT & INDEMNITY CO.
### No. 1162.

Court of Appeal of Louisiana. First Circuit.
June 30, 1933.

E. G. Burleigh, of Opelousas, for appellant.

Harold L. Guilbeau, of Opelousas, for appellee.

LE BLANC, Judge.

Plaintiff, Martin Cosgrove, was formerly in the employ of Daly Motor Company, Incorporated. On August 5, 1932, while lifting a heavy battery from an automobile, which work was within the scope of his employment, he suffered a hernia on both the right and left sides. In order to correct the condition which resulted therefrom it will be necessary for him to submit to an operation, after which there will be a period of temporary total disability, for which he will be entitled to compensation. The purpose of this suit which he brings against the Hartford Accident & Indemnity Company, which carried his employer's compensation insurance, is to recover the sum of $250 for medical, hospital, and other expenses incidental to the operation he will have to undergo, and also to have the court fix the number of weeks during which defendant will have to pay him compensation at the rate of $13, that amount being 65 per cent. of his average weekly wage of $20.

Under the defendant's answer, we find that there are only two disputed points to be considered. The first is with regard to the amount claimed for the operation, defendant contending that plaintiff should be limited to the sum of $175 therefor, as that is all that it would cost, and the second is with regard to the probable duration of disability following the operation, which defendant contends should be fixed at ten weeks, which it is urged would be a full and liberal period according to the experience of the medical profession.

The lower court awarded judgment in favor of the plaintiff in the sum of $190 for the expenses which might be involved in the operation, and decreed compensation in his favor at the rate prayed for, for a period of seventeen weeks. From that judgment defendant appealed, and plaintiff has answered asking for damages for frivolous appeal.

This proceeding is fully authorized under subsection 5 of section 8 of the compensation statute as amended by Act No. 242 of 1928, which provides that the employer shall in every case coming under the act furnish reasonable medical, surgical, and hospital services and medicine not to exceed $250 in value, and under subsection 8 of the same section, which provides that, for injury producing temporary total or temporary partial disability, the court may in its discretion award compensation for a fixed number of weeks to be based upon the probable duration of such disability.

The only questions we are concerned with, therefore, are whether the amount of $190 allowed by the district judge for medical, surgical, and hospital services and medicine is reasonable, and whether he has properly exercised his discretion in fixing the probable duration of plaintiff's disability at seventeen weeks. Both of these questions depend entirely upon the medical testimony submitted at the trial of the case.

The first may be said to be the simpler of the two, for it involves only the question as to what is the reasonable cost of an operation for hernia on both the right and left sides. There is no difficulty in ascertaining that the surgeon's fee in such cases is generally $100, as we find no other figure mentioned in the testimony on that point. It seems to be also definitely established that the operation generally requires fourteen days of hospitalization. The average charge for a room in a hos-

pital is $5 per day; therefore that would add $70 to the cost. Another necessary charge is for use of the operating room, usually $10, and for the services of the anesthetist, $5. Add to this the usual incidentals such as medicine, etc., ranging from $2 to $5, we have the total of $190 arrived at by the district judge. This amount does not include the services of a special nurse, which, according to the testimony, may or may not be required, and it may therefore have been proper not to take the same into account in fixing the reasonable cost of the operation and its attending charges. At any rate, it seems that the amount arrived at by the trial judge is certainly not unreasonable whether considered from the standpoint of the employer or the employee. The defendant in this case, in its answer, avers that $175 should be the limit of its liability for this item. But the proof, as we have shown, amply supports the $15 additional allowed by the district judge. The plaintiff is making no complaint as to that amount, so we have decided to let it remain as it is.

■ The question dealing with the probable period of disability following an operation for hernia is one which addresses itself peculiarly to members of the medical profession, and the court has to rely in large measure, as in all cases of this nature, on the testimony of the expert witnesses in that line. In this case there were five doctors who testified. Three were called as witnesses for the plaintiff and two for the defendant. All three for the plaintiff, Drs. Bienvenue, Littell, and F. O. Pavy, fix the period of disability anywhere from three to six months. In this case particularly are they of the opinion that it would be longer than usual before they would advise plaintiff to do hard manual labor, because of the fact that he had already undergone an operation for hernia, and the scar tissue that had formed since that operation would be slower in healing than fresh or normal tissue. Dr. Shute, one of defendant's witnesses, testifies that cases in which he is interested the patients are advised not to perform manual labor or labor that would cause straining on the side for from three to six months. Whilst the exact nature of plaintiff's employment is not set out in his petition, the evidence received without objection shows that he is a mechanic, and that his work requires straining and lifting of heavy objects. Dr. Albert Pavy, defendant's other expert witness, states that the period of disability depends on the extent and nature of the operation. Ordinarily, he says, there is a complete recovery in from eight to twelve weeks. He attaches no importance to the fact that there was a prior operation and that in this case there is double hernia. Summing up the testimony of these medical experts then, we find four out of the five estimating the probable period of disability at from three to six months, and the other at from two to three months. The district judge, in fixing it at seventeen weeks, seems to have struck an average between the figures given by the majority of these doctors, and in doing so we cannot say that he has abused that discretion which the law places in him. No valid reason has been given why his judgment should be changed one way or the other.

■ With regard to the plaintiff's demand for damages against defendant as for frivolous appeal, our appreciation of the record is that the latter was earnest and serious in taking the case up to this court. The award for medical and hospital services was considerably less than had been demanded, but it was still $15 more than defendant considered necessary to defray these expenses. Whilst it is true that the amount is small, had defendant been successful in having the judgment amended it would have been a reduction in its favor just the same. The same may be said about the period of disability to be fixed under the judgment. Defendant contended throughout that the maximum should have been ten weeks. There was the testimony of one of its experts that ordinarily it is from eight to twelve weeks. It was reasonable for defendant to make an attempt to reduce the period as determined by the district judge by a few weeks at least, and, although its efforts in either respect have not been successful, we are not prepared to say that they were not earnestly and seriously made. There is some objection raised to the demand for these damages being made on the ground that the answer of plaintiff in which they are claimed was not timely and properly filed, but, inasmuch as we have decided not to allow them, it becomes unnecessary for us to consider that point.

For the reasons herein stated, it is ordered that the judgment appealed from be affirmed at the costs of the appellant.