LOTTINGER, Judge.
This is a compensation suit. The plaintiff has devolutively appealed from a judgment against his employer’s compensation insurer insofar as it limits his compensation to a period ending four months after the date of the trial in the Lower Court. The date of trial was on April 30, 19S7 and the Lower Court awarded compensation from the date of the accident December 14, 1956, to August 30, 1957.
There is no dispute that the plaintiff was totally disabled at the date of trial as the result of a residual back injury and that this total disability is not of a permanent nature.
The only question for our determination is the extent of this plaintiff’s disability and whether or not the Lower Court was in error in limiting the judgment to four months following the date of the trial. Plaintiff contends that the judgment should have provided for 300 weeks under LSA-R.S. 23:1221(1), which provides that “for injury producing temporary total disability to do work of any reasonable character,” compensation shall be allowed “during the period of disability, not beyond three hundred weeks” whereas the defendant contends the judgment is correct under LSA-R.S. 23:1222, which provides: “For injury producing temporary total or temporary partial disability the court may, in its discretion, award compensation for a fixed number of weeks to be based upon the probable duration of such disability.”
The evidence indicates that the plaintiff . while working as a carpenter slipped off of *268 a’ saw horse on which he was standing and injured his back. It appears that the disability is more of a muscle of ligament injury than anything else. The trial was held about four months after the accident and at that time the medical testimony or prognosis as to future disability was as follows: (1) Dr. C. V. Hatchette, an orthopedic specialist testifying on behalf of defendant, two months; (2) Dr. Norman P. Morin, an orthopedic specialist testifying on behalf of plaintiff, about three to four months under ideal circumstances including hospitalization and supervised daily physiotherapy and treatment, but a longer period lasting six to eight months under normal conditions; (3) Dr. Charles L. Fellows, a general practitioner and plaintiff’s family doctor, at least six to eight months before plaintiff could engage in light lifting and longer for him to engage in the heavy lifting; and (4) Dr. George B. Briel, an orthopedic specialist testifying on behalf of plaintiff, two or three months before plaintiff would have the power to do a full days’ work.
Now with these facts before him we are of the opinion that the Lower Court was justified in making an award under LSA-R.S. 23:1222 but we are of the further opinion for the reasons hereinafter given and from the medical testimony as hereinabove outlined that the award should have been for a period ending eight months after the date of the trial below or to December 30, 1957, instead of the four months to August 30, 1957, as provided by the Lower Court. It appears that the Lower Court awarded compensation under LSA-R.S. 23:1222 after arriving at an average of the prognostication of the medical testimony. We are of the opinion this was an error. The medical testimony reasonably indicates that the maximum period of probable duration of disability 'is 'at least eight months more after trial [and that is giving more weight and consideration to the testimony of the specialist over the general practitioner. That is One '.of thé reasons the award should have been for eight additional months instead of four months as awarded.
Plaintiff contends that in the case at bar he should be awarded compensation during the period of disability, not beyond three hundred weeks rather than a limited award as the defendant is fully protected under LSA-R.S. 23:1331 to reopen the case at any time six months after the rendition of the judgment of compensation for a modification thereof. Furthermore if it is on a limited basis his case might become subject to the interpretation of LSA-R.S. 23:1331 as placed by the Supreme Court in the case of Lacy v. Employers Mutual Liability Ins. Co. of Wis., 233 La. 712, 98 So.2d 162, 165, wherein they said: “(1) that the award of compensation in the first instance is a final judgment fixing the extent and duration of disability for the period stated therein subject, however, to modification, after six months have elapsed and compensation is still due, upon allegations by either plaintiff or defendant that the disability has increased or decreased; (2) that the award in the first instance is final for a period of six months thereafter and may not be reopened before the expiration of that time and (3) that, in cases where the judgment of the trial court ‘fixes with definiteness the duration of the employee’s incapacity to work to be a period of less than six months from the date of its rendition, such a judgment is not 'within the purview of R.S. 23:1331 and may not be modified under allegations that the incapacity resulting from the accident has since increased or diminished.” If we were to follow plaintiff’s suggestion and award not more than 300 weeks during the period of disability instead of a limited award in cases like the case at bar where the probable duration of the disability is reasonably indicated we would be reading out of the statute altogether the Legislative provision of LSA-R.S. 23:1222.
This section has been considered and . applied several times by the Appellate *269 Courts of this state. Glover v. Washington-Youree Hotel Co., Inc., 13 La.App. 112, 127 So. 18; Wilson v. Wright & Lopez, La.App., 11 So.2d 22; Delahoussaye v. D. M. Glaser & Co., Inc., La.App., 185 So. 644; Newman v. Zurich Gen. Accident & Liability Ins. Co., La.App., 87 So.2d 230. Plaintiff has cited us several cases wherein we have refused to apply this section but applied LSA-R.S. 23:1221 (1) instead. Those cases are not apposite here. In those cases the Court found as a fact that the duration of the disability was pure speculation and that the probable duration could not be reasonably ascertained; or that there was wide discrepancy and variance in the medical testimony; or that the doctors had made many mistakes in their many examinations as to the prognostication of the disability of the claimant. We do not find that situation here however.
In the case of Newman v. Zurich, supra [87 So.2d 233], Judge Ellis of this Court again spelled out our interpretation of LSA-R.S. 23:1222 in the following language :
“This court could not render inoperative LSA-R.S. 23:1222 as such action would only be in the power of the Legislature. Further, this court has consistently recognized the provisions of LSA-R.S. 23 :1222 and specifically approved and interpreted this act. in the Delahoussaye case, supra, in the following language.
******
“ ‘We take that provision to mean that where the court can reasonably' satisfy itself of the probable period of time during which the disability will continue, whether total or partial, it •can exercise its discretion as did the lower court in this case, in awarding' compensation for a specified number of weeks.’
* * * * * *
“It might be well at this point to reach a definite understanding as the meaning of the word ‘probable’ as .it refers to the duration .of plaintiff’s disability which will be dependent upon the medical testimony in this case.
“We find in Black’s Law Dictionary that the word ‘probable’ has been interpreted to mean the following:
“ ‘Having the appearance of truth.; having the character of probability; appearing to be founded in reason or experience. State v. Thiele, 119 Iowa 659, 94 N.W. 256. Having more evi-' dence for than against; supported by evidence which inclines the mind to believe, but leaves some room for doubt; likely. Barrett v. Green River & Rock Springs Live Stock Co., 28 Wyo. 379, 205 P. 742, 743. Apparently true, yet possibly false. Spadra Creek Coal Co. v. Harger, 130 Ark. 374, 197 S.W. 705.’
“We thus see that the word ‘probable’ does not mean that all doubt is eliminated. An opinion upon any future happening or event is, of course, subject to doubt but may be probable if founded in reason or experience or supported by evidence or apparently true. * * *
“We interpret Dr: Briel’s testimony to mean that had the plaintiff followed the prescribed exercises when he first examined him it was his opin-. ion that he would have been well within two months, but it is clear from the testimony that plaintiff did not follow the exercises as he stated they caused him pain and he had developed a case of influenza. Bearing in mind the meaning of the word ‘probable,’ all of Dr. Briel’s testimony, as well as the testimony of the other doctors ■in this case, goes into detail insofar as giving their reasons for the conclusion upon which the Trial Judge based his award of five months additional compensation. We do not interpret .their testimony as being any more speculative than any event which *270 logic and reason tells us will occur but which is, of course, not certain to occur.”
On rehearing this case was remanded to the Lower Court for production of additional evidence regarding disability but this did not in any way affect our ruling in the original hearing as hereinabove set forth.
Now after thoroughly analyzing the facts in this case and the law and jurisprudence above cited, we are of the opinion that the medical testimony reasonably indicates that the maximum period of probable duration of the disability is eight months more after trial instead of four months as granted. We appreciate the fact there is a little variance in' the prognosis of the disability as given by the doctors but we can hardly visualize a situation where three or four doctors will all give the same number of weeks or months for the duration of disability especially in a back injury case. So for that reason we do not believe the variance here to be material or so much so as to justify an award under LSA-R.S. 23:1221(1). In spite of this small variance we are still of the opinion that the medical testimony reasonably indicates that the maximum period of probable duration of plaintiff’s disability is eight months more from the trial date or to December 30, 1957.
Therefore for the above and foregoing reasons the judgment of the Lower Court is amended by awarding compensation from December 14, 1956, to December 30, 1957, and, since that date has expired, exercising our discretion under LSA-R.S. 23 :1222, we reserve the right to both plaintiff and defendant to reopen this case even though the six-month period has not expired.
Judgment amended and as amended affirmed.