HOOD, Judge.
Plaintiff, Josephine Carter, sues her employer’s insurer for workmen’s compensation benefits, alleging that she is totally and permanently disabled. Judgment was rendered by the trial court awarding her compensation benefits from November 1, 1964, to September 27, 1965, and rejecting her demands for penalities and attorney’s fees. She appeals, contending that she is entitled to an award of compensation benefits for 400 weeks, and that the trial court erred in rejecting her demands for penalties and attorney’s fees.
Plaintiff is a twenty-eight year old colored woman. She is the mother of eight children, and at the time of the accident which gave rise to this suit she was in the sixth month of another pregnancy. She is very obese, being five feet six inches in height, and weighing 248 pounds.
On October 29, 1964, plaintiff stumbled over a bucket of water and fell down several steps of a stairway at the place of her employment. She was employed at that time by the defendant’s insured. Green Acres Rest Home, located near Lake Charles, to perform duties which included cooking, mopping floors and doing general housecleaning work. She contends that as a result of that accident she sustained a back injury which has totally disabled her from performing the type of work she had been doing prior to that time.
Dr. Kenneth L. Perego, a general practitioner, had been treating plaintiff for her pregnancy for at least a month before the accident occurred, and he has continued to treat her since that time. A stillbirth occurred on February 12, 1965, but there is no claim or suggestion that the fall caused the child to be born dead. Plaintiff was examined by Dr. Perego shortly after she fell down the stairway, and he treated her for her back injury, as well as for her other ailments, until sometime in March, 1965, when he referred her to Dr. C. V. Hatchette, an orthopedic surgeon, for treatment of her back condition. Plaintiff was then treated by Dr. Hatchette for her back injury from that time until the date of the trial, which took place on June 4, 1965.
Although Dr. Perego felt that plaintiff was disabled at the time of the trial, he expressed no opinion at all as to how long *182 she would continue to be disabled. In a written report submitted by Dr. Perego on April 3, 1965, he stated:
“As of this date, I have not made a complete or full evaluation of Mrs. Carter’s back complaints. I feel that this could best be done by an orthopedist and I would prefer a consultation with either Dr. Hatchette or Dr. Schneider, rather than make any attempt at trying to determine exactly the extent of her injuries, as this is a rather unusual and difficult case. I would prefer that she be seen by an orthopedic surgeon.”
And, at the trial of the case, Dr. Perego testified:
“Q. Now, Dr. Perego, can you state how long the back condition, I’ll call it, will continue?
A. No, sir, I can’t state with any certainty how long it will continue, and neither do I have any evidence to suggest that it will clear up without treatment. I mean she may have to go back in the hospital. I don’t know.”
Dr. Hatchette examined plaintiff on March 26, 1965, and concluded that she had a low back injury which was confined to the soft tissues of her back. He began treating her on that date for that injury, and plaintiff was still under his treatment at the time of the trial, a little more than two months later, his last examination of her having taken place on May 27, 1965. On this last mentioned date, he felt that she was still disabled from doing the kind of work she had been performing before the accident, and he estimated that “approximately three months or maybe slightly over that would be required” for her recovery. He testified:
“ * * * she will be thoroughly recovered in about a three-month period. This might, be less or might be slightly more than three months, and this is only an estimate of her future disability. For all intents and purposes, with the progress she is making at this time, I think that she will be thoroughly recovered within that period, and I also believe that she will then be able to return to the same work she performed prior to-her injury.”
‡ ‡ ‡ ‡ ‡ ‡
“Q. Would you say, then, in the normal course of events, that in all probability her disability period will amount to about three months, after which she will be able to return to her domestic type of employment.
A. I think so.”
5}s ifc íjí ijc
“Q. And your estimate of disability is three months.
A. Yes, that’s approximately it.”
Dr. Hatchette acknowledged that he could not be “certain” of the time of her recovery, but he stated that his estimate of about three months was a reasonable medical conclusion based upon his knowledge-of this case and his knowledge of orthopedic medicine.
Dr. Perego and Dr. Hatchette are the only medical experts who testified. The-trial judge correctly observed that the-former had expressed no opinion at all as to the duration of plaintiff’s disability, and that Dr. Hatchette felt that she would recover in about three months from and after May 27, 1965, or in slightly more or less than that period of time. The trial judge concluded that plaintiff would continue to be disabled from her back injury until four months after the date of Dr. Hatchette’s last examination. Plaintiff’s wages had been paid up to November 1, 1964, so compensation was awarded from* that date until September 27, 1965.
LSA-R.S. 23:1222 provides:
“For injury producing total or temporary partial disability the court may, in its discretion, award compensation for a fixed number of weeks to be based. *183 upon the probable duration of such disability.”
In considering an identical provision in an earlier statute (Sec. 8, Act 20 of 1914, as amended by Act 242 of 1928), the Court of Appeal, First Circuit, in Delahoussaye v. D. M. Glazer & Company, Inc., 18S So. 644, said:
“We take that provision to mean that where the court can reasonably satisfy itself of the probable period of time during which the disability will continue, whether total or partial, it can- exercise its discretion as did the lower court in this case, in awarding compensation for a specified number of weeks.”
The word “probable,” as used in LSA-R.S. 23:1222, was defined by the same court in Newman v. Zurich General Accident & Liability Insurance Company, La.App. 1 Cir., 87 So.2d 230, as follows:
“We thus see that the word 'probable’ does not mean that all doubt is eliminated. An opinion upon any future happening or event is, of course, subject to doubt but may be probable if founded in reason or experience or supported by evidence or apparently true.”
In Lambert v. American Policyholders Insurance Company, La.App. 1 Cir., 100 So.2d 267, an award of compensation benefits for a period ending eight months .after the trial was made under the authority granted by LSA-R.S. 23:1222. There the court said:
“ * * * we are of the opinion that the medical testimony reasonably indi■cates that the maximum period of probable duration of the disability is eight months more after trial instead of four months as granted. We appreciate the fact there is a little variance in the prognosis of the disability as given by the doctors but we can hardly visualize a situation where three or four.doctors will all give the same number of weeks or months for the duration of disability especially in a back injury case. So for that reason we do not believe the variance here to be material or so much so as to justify an award under LSA-R.S. 23:1221(1). In spite of this small variance we are still of the opinion that the medical testimony reasonably indicates that the maximum period of probable duration of plaintiff’s disability is eight months more from the trial date or to December 30, 1957.”
Some of the other cases in which an award for a specified period of time was made, and which we think are applicable here, are: Washington v. Atlantic & Gulf Stevedores, La.App.Orl., 85 So.2d 714 (cert. denied); Wilson v. Wright & Lopez, La.App. 2 Cir., 11 So.2d 22; Glover v. Washington-Youree Hotel Co., Inc., 2 Cir., 13 La.App. 112, 127 So. 18; Cosgrove v. Hartford Accident & Indemnity Co., La.App. 1 Cir., 149 So. 317; Cloud v. Ohio Oil Co., La.App. 2 Cir., 6 La.App. 823; Upshaw v. Triangle Drilling Co., La.App. 2 Cir., 5 La.App. 224; Mays v. Allison & Langston Supply Co., La.App. 2 Cir., 5 La.App. 686; Collier v. Southern Casualty Ins. Co., La. App. 3 Cir., 186 So.2d 161 (rendered April 7, 1966). See also, Malone, Louisiana Workmen’s Compensation Law and Practice, Sec. 280, page 354.
We have considered a number of cases in which the court declined to award compensation for a specified number of weeks, under LSA-R.S. 23:1222, but in each instance the court was unable to reasonably satisfy itself as to the probable duration of the disability.
In the instant suit the only medical expert who expressed an opinion as to the probable duration of plaintiff’s disability was Dr. Hatchette, and he apparently was firm in his opinion that she would recover in about three months, or slightly more than that, from and after the date on which he last examined her. In view of this uncon-tradicted testimony of plaintiff’s treating physician, we cannot say that the trial judge- erred in fixing the probable duration *184 of her disability at four months after the date on which she was last examined. We, therefore, affirm the findings of the trial court as to the duration of her disability.
No compensation benefits were paid to plaintiff until after judgment was rendered by the trial court. Plaintiff contends that the defendant’s failure to pay such benefits was arbitrary and without probable cause, and that she is entitled to recover penalties and attorney’s fees under LSA-R.S. 22:658.
At the trial one of the serious issues presented was whether a compensable accident had occurred, as contended by plaintiff. In rejecting plaintiffs demands for penalties and attorney’s fees, the trial judge said:
“Plaintiffs claims for penalties and an attorney’s fee are rejected. There were sufficient discrepancies and contradictions to justify a defense, in good faith, that plaintiff sustained no compensable accident. Defendant’s contentions in that respect were seriously urged and supported by suspicious circumstances. It is true that the Court concluded, from all of the evidence presented, that the plaintiff had established that an accident occurred, but there was no great preponderance of the evidence and much was left to be desired by the Court in consideration of that issue. The failure to pay compensation benefits was not arbitrary, capricious or without probable cause.”
We concur in the observations made by the trial judge as to the nature of the evidence which was produced relating to the occurrence of this accident. Although several persons were in the immediate vicinity of the stairway on which plaintiff allegedly fell, none of them saw or heard her fall, and no one saw the bucket over which she tripped or the tray of dishes which she says she was carrying when she fell. We agree with the trial court that there were sufficient discrepancies and contradictions to justify a defense, in good faith, that plaintiff sustained no compensable accident, and we concur in his conclusion that the failure to pay compensation benefits was not arbitrary, capricious or without probable cause.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.