CULPEPPER, Judge.
This is a suit for workmen’s compensation benefits for total and permanent disability. Plaintiff was injured on October 7, 1974 while working as a truck driver for Ed-mundson Duhe Rice Mill, Inc. The defendant is the compensation insurer of the Rice Mill. The trial court rendered judgment awarding benefits for total and permanent disability, but denied plaintiff’s claim for penalties and attorney’s fees. Defendant appealed. Plaintiff answered the appeal, seeking penalties and attorney’s fees.
The issues are: (1) Is there a reasonable evidentiary basis for the trial court’s conclusion that plaintiff is totally and permanently disabled? (2) Did the trial court err in denying statutory penalties and attorney’s fees?
The evidence shows that the plaintiff, who was 61 years of age at the time of the accident, drove a rice truck for the mill. In connection with his duties he had to climb the sides of the truck during loading and unloading operations. The injury in question occurred when plaintiff fell while stretching a tarpaulin over the load of rice. Plaintiff testified he also had to climb a ladder onto a platform in the mill in connection with the loading operations.
The injury was a comminuted fracture of the left clavicle. The fracture healed in a bayonet position, i. e., with an overlap of the broken bone ends. Also, scar tissue developed. Plaintiff has about a 10% residual disability of the left shoulder, consisting principally of his inability to raise his arm above his shoulder without pain. The expert medical opinion is in conflict as to whether plaintiff can do the climbing required by the work which he was doing as driver of a rice truck at the time of the accident.
In written reasons for judgment, the trial judge weighed the expert medical testimony together with that of plaintiff and the laywitnesses. He concluded that a preponderance of the evidence shows plaintiff cannot do the climbing required by his employment as driver of a rice truck. Therefore, the trial judge found plaintiff is totally and permanently disabled. However, the judge concluded that the issue of permanent and total disability is sufficiently serious on a factual basis that the defendant was not arbitrary or capricious in terminating the payment of workmen’s compensation. Accordingly; the judge denied penalties and attorney’s fees.
Within the meaning of the Workmen’s Compensation Law, as it provided at the time of this accident, an employee is totally and permanently disabled if he is unable to perform work of the same or similar nature as he was performing at the time of injury. Knispel v. Gulf States Utilities Company, Inc., 174 La. 401, 141 So. 9 (1932); Cooley v. Insurance Company of North America, 216 So.2d 388 (La.App. 3rd Cir. 1968). Though there is conflicting testimony, the trial court’s conclusion that plaintiff is totally and permanently disabled is supported by a reasonable evidentiary basis and should not be disturbed on appeal. Canter v. Koehring Company, 283 So.2d 716 (La.1973). Therefore, we affirm the trial court’s decision that plaintiff is totally and permanently disabled.
The only remaining issue concerns penalties and attorney’s fees. The record shows plaintiff was paid benefits for temporary total disability from the date of his *883 injury, October 7, 1974, until April 1, 1975. Plaintiff does not argue that defendant acted arbitrarily or capriciously in discontinuing payments for total disability. Plaintiff argues, instead, that defendant acted arbitrarily and capriciously by delaying until June 25, 1976, to pay plaintiff $640 for partial loss of function of his left arm.
Defendant relied on medical reports that plaintiff could return to the same work he was performing at the time of the accident. This presented a substantial issue as to whether plaintiff suffered a loss of function of his arm and shoulder. The trial judge concluded that defendant did not act arbitrarily or capriciously in its dealings with plaintiff. A determination of whether the insurer has been arbitrary or capricious is a finding of fact which should not be disturbed on appeal unless it is manifestly erroneous. Panebiango v. Main Insurance Company, 293 So.2d 536 (La.App. 4th Cir. 1974), writ refused. Therefore, we affirm the decision of the trial court rejecting plaintiff’s claim for penalties and attorney’s fees.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against defendant-appellant.
AFFIRMED.